DAYTON, ORVILLE L., Jr., (Ret.), Associate Judge.
Respondent, Genevieve Boyd, was employed by Petitioner. She secured a leave of absence beginning July IS, 1970, for the purpose of getting married. She returned to work five days later, professing to be married. Thereafter her actions and comments to the employer and co-workers continued to reflect that she was married. Petitioner (Employer) changed her pay records to reflect her married name, and her payroll checks were thereafter issued in the married name designated by the Employee, i. e., Genevieve Hilton.
On January 28, 1971, Employer asked Employee whether she had reported her marriage to the Social Security Administration, and Employee replied in the negative. Employer advised her to do so inasmuch as the Social Security and Income Tax records would reveal her married name.
Employee, however, had not become married as she professed, but had in fact concealed this information from her Employer. At lunch time on January 28, 1971, Employee discussed with one Kenneth Hilton, the person to whom she was allegedly married, the fact her social security and income tax records revealed that she was married. The putative husband went to Employer’s premises on that same afternoon and had a conference with the corporate treasurer of Employer. The corporation treasurer was under the impression that Kenneth Hilton was in fact the husband of Employee. The putative husband attempted to persuade the corporate treasurer to change the Employee’s records to reflect her married name, but was advised that this could not be done. At this point in time a two week’s notice of resignation was submitted in behalf of the Employee.
On the following day, January 29, 1971, the Employer accepted the resignation of Employee effective at the conclusion of the work day. Employee was notified of Employer’s decision and she was given her final earnings at that time, including vacation pay. Employee made no effort whatever to withdraw the notice of resignation, nor did she attempt to continue her employment with Employer by advising that the alleged husband had no authority to submit a resignation for her and that she in fact knew nothing of said resignation.
Following the final work day Employee had a conference with her putative husband and he confirmed that he had submitted her resignation. Employee decided that she would not attempt to withdraw the resignation nor try to return to work with Employer. She obtained other employment on or about April 15, 1971.
Petitioner and Respondents are in agreement as to the facts.
Genevieve Boyd filed a claim for benefits with the Florida Department of Commerce, Industrial Relations Commission, alleging that she lost her job for reasons attributable to her Employer under circumstances entitling her to Unemployment Compensation benefits as provided by Section 443.06(1) Florida Statutes, F.S.A.
The issues in dispute before the Appeals Referee were whether in fact Employee voluntarily left her employment without good cause attributable to Employer, as provided by Section 443.06(1); and whether the benefit payments paid to the Employee were chargeable to the employment record of the Employer as provided by Section 443.08(3) (a) Florida Statutes, F.S.A. The Appeals Referee, by order entered March 11, 1971, found that Employee was not eligible for benefits under the above cited section of the Florida Statutes, for the reason that the circumstances surrounding the Employee’s separation constituted voluntarily quitting work without good cause attributable to the Employer. This ruling by the Appeals Referee affirmed the earlier determination of the Claims Examiner.
The Respondent, Genevieve Boyd, was granted leave to appeal, and the case was reviewed on the record by the Industrial *875 Relations Commission. The decision of the Appeals Referee was reversed by the Commission, and Petitioner, by this petition for Writ of Certiorari, seeks review of the decision of the Industrial Relations Commission.
It is urged by Petitioner that although the resignation was submitted to her Employer by her putative husband without her knowledge, she ratified such action by making no protest when notified by her Employer that her resignation had been accepted, and accepting her final earnings plus vacation pay.
Respondents defend the action of the Industrial Relations Commission by stating that the action of Claimant was not “voluntary” as defined in St. Joe Paper Co. v. Gautreaux, Fla.App.1965, 180 So.2d 668, i. e.,
“ * * * We think the work 'voluntary’ must certainly be defined as ‘freely given’ and ‘proceeding from ones own choice or full consent’ ”
We find the actions of Respondent, Claimant Genevieve Boyd, were voluntary throughout. From her own choice she saw fit to misinform her employer concerning her marriage. She freely, and of her own choice, accepted the changes in her Employer’s payroll records to reflect her supposed married name. When informed that her putative husband had submitted for her a resignation with two weeks notice, and that the resignation had been accepted by her Employer, she, of her own choice and apparent full consent, accepted her final earnings and vacation pay.
It is our view that by so doing, with full knowledge of what had transpired, she voluntarily accepted and ratified as her own act the manner in which her resignation was submitted.
Petition for Certiorari will be granted. The decision of the Industrial Relations Commission is reversed, and the decision of the Appeals Referee, which disqualified Claimant for benefits by reason of her having voluntarily left her employment without good cause attributable to her Employer, is reinstated.
LILES, A. C. J., and McNULTY, J., concur.