323 So.2d 286 (1975)
Charles R. FREDERICKS, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, INDUSTRIAL RELATIONS COMMISSION, and Riverside Hilton Inn, Respondents.
No. 75-867.
District Court of Appeal of Florida, Second District.
December 19, 1975.
Julius L. Williams of Law, Inc. of Hillsborough County, Tampa, for petitioner.
Alex D. Littlefield, Jr., Tallahassee, for respondent, Florida Dept. of Commerce, Industrial Relations Comm.
GRIMES, Judge.
This is a petition for certiorari to the Industrial Relations Commission following the entry of an order affirming the denial of petitioner's application for unemployment compensation.
*287 Testimony was taken before the appeals referee, and the pertinent portion of his decision is set forth below:

"FINDINGS OF FACT: The claimant was employed as a cook for a hotel in Tampa, Florida, on or about September 24, 1974. Claimant worked six days per week from 3:00 PM to 11:00 PM and had Monday's as his day off. Claimant became ill from October 27, 1974, through October 31, 1974, because of internal bleeding. He was not under doctor's care during this period of illness. His wife called in several times during claimant's period of illness. On November 1, 1974, claimant called in himself and talked to the bar porter to report that he was feeling better and was ready to return to work. Claimant did not report for work on November 2, 1974, and did not report to employer until November 6, 1974. On November 6, 1974, claimant was informed that he had been terminated effective November 1, 1974, as he had failed to report for work after informing the employer that he was again able to work as of November 1, 1974. Claimed [sic] reopened his claim effective February 16, 1975. Since reopening his claim, claimant has been actively seeking full-time employment.
"Claimant was discharged for misconduct connected with his work within the meaning of the Florida Unemployment Compensation Law.
"REASONS FOR DECISION: The Florida Unemployment Compensation Law provides that an individual shall be disqualified for benefits if he has voluntarily left his employment without good cause attributable to his employer, or was discharged for misconduct connected with his work.
"The record and evidence presented in this case reveal that claimant was terminated from his employment when he failed to report for work after reporting that he was again able to resume his duties, and his failure to report his continued absence. Claimant could not say what caused his internal bleeding. He stated this happened once before four or five years ago, and that a doctor at that time stated that it was nothing to worry about, and for this reasons, [sic] he did not consult a physician. His reason for not reporting to work until November 6, 1974, after he felt that he was able to work on November 1, 1974, was the fact that he assumed the employer would call him and advise him when he could return to work. The claimant's actions and circumstances presented in this case constitute a material breach of his duties and obligations arising out of his contract of employment and were tantamount to an intentional disregard of the employer's interest. Such actions constitute `misconduct connected with work' within the meaning of the Law. Accordingly, it must be concluded that claimant was discharged for misconduct connected with his work within the meaning of the Law."
The record supports the findings of fact except in one respect. The purpose of pe-petitioner's telephone call on November 1 was to notify his employer he was ready to go back to work. Since petitioner didn't have a telephone, he left his wife's number at work so that he could be told when to come back. Apparently the person who received the call in the absence of petitioner's supervisor misunderstood the message, because the supervisor was advised that petitioner was still sick and would not be back to work. When asked why he didn't come in between November 1 and November 6, petitioner said that work schedules were prepared several days in advance, and he assumed that he would be notified when to report for work.
The decision of the appeals referee was predicated upon "misconduct connected with work" within the meaning of Fla. Stat. *288 § 443.06(1) (1973). Both this court[1] and the Third District Court of Appeal[2] appear to have approved the definition of "misconduct" for purposes of unemployment compensation law as set forth by the Wisconsin Supreme Court,[3] to wit:
"`Misconduct' * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to mainfest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed `misconduct' within the meaning of the statute."
Petitioner's failure to make sure his supervisor understood that he was available to go back to work and the fact that he failed to report for work from November 1 to November 6 after he was physically able to do so may have demonstrated such a negligent lack of initiative as to justify his being fired. But was it carelessness of such a degree as to be equivalent to an intentional and substantial disregard of his duties and obligations to his employer? The petitioner did not have a history of absence from work. Petitioner did keep his employer advised when he was sick, and he did make an effort to let his employer know when he could come back to work. From petitioner's standpoint, it was not his fault that the person with whom he talked on November I didn't convey the proper message. The petitioner's statement that work was scheduled in advance was not refuted and lends some credence to his failure to physically report to the job at his earliest opportunity. Since the Unemployment Compensation Law is to be liberally construed in favor of the claimant,[4] we hold that petitioner's conduct was not of the type contemplated to disqualify him for benefits.
Accordingly, the decision of the Industrial Relations Commission adopting the decision of the appeals referee is quashed, and the cause is remanded with directions to enter an appropriate order which is consistent with this opinion.
McNULTY, C.J., and SCHEB, J., concur.
NOTES
[1] Castillo v. Florida Department of Commerce, Fla.App.2d, 1971, 253 So.2d 162.
[2] Spaulding v. Florida Industrial Commission, Fla.App.3d, 1963, 154 So.2d 334.
[3] Boynton Cab Co. v. Neubeck, 1941, 237 Wis. 249, 296 N.W. 636.
[4] Woskoff v. Desta Enterprises, Inc., Fla. App.3d, 1966, 187 So.2d 101.