McCORD, Judge.
This is a petition for writ of certiorari to the Division of Employment Security, Department of Commerce to review an order of the Industrial Relations Commission holding petitioner disqualified from receiving unemployment compensation benefits. Respondent has not favored us with a brief but has waived filing a brief.
Petitioner contends that the decision of the appeals referee finding that she was discharged for misconduct connected with her work and the final order of the Industrial Relations Commission concluding that petitioner had voluntarily left her employment without good cause attributable to her employer are not supported by competent, substantial evidence. We agree. Petitioner was employed by Sears, Roebuck and Company as a parttime sales person from September, 1974, until May 26, 1975, working an average of 20 hours per week. On May 26, 1975, she met with Tom Fagg, personnel manager, and requested a reduction in working hours due to her husband’s illness. It appears that she only intended a temporary reduction in working hours but Fagg testified that he assumed it was to be a permanent reduction in working hours. She testified that he encouraged her to take care of her husband and told her to call the personnel office and find out what days she would be working. He testified that if employees wanted time off for personal reasons, they would bend over backwards to give it; that he wasn’t sure whether petitioner was to contact the personnel office or the personnel office was to contact her as to a reduction in her working time. Petitioner’s testimony is unrefuted that on May 28 she called Mrs. Rose in personnel and asked her if she had anything for her that week, and Mrs. Rose said no; that on May 20 she spoke to Mrs. Rose and asked her if there was any schedule for the following week and Mrs. Rose said, “No, nothing yet,” and that petitioner said, “Now Mrs. Rose, aré you laying me off because I need the work. I can’t stay without work. And she told me it was definitely not a lay-off, and she would call me with enough time to come into work. They left me hanging there for three weeks, and then on July 1st — it was July 1st, I got the notification of termination.” Petitioner testified that she would have come back to work on the original schedule rather than be terminated, but she was terminated without being given that chance. Fagg testified that petitioner’s work was satisfactory and that she would be eligible for re-hire.
It appears from the evidence that petitioner, from her conversation with Fagg, was left with the impression that the personnel office could work out a reduction in her hours of work and that she should keep in touch with the personnel office in that regard. She did so but nothing was forthcoming. She was terminated at a time when the personnel office had led her to believe that they were attempting to work out a reduction in her schedule. Under these circumstances, Mr. Fagg or the personnel office should have notified her that they had been unable to work out a reduction in her schedule and that she must either resume her old schedule or be discharged. But, as aforesaid, she was summarily discharged without being given such an alternative. Her discharge was certainly not for misconduct connected with her work as found by the referee and the evidence does not support the finding of the Industrial Relations Commission that she “voluntarily left her employment without good cause attributable to her employer.”
Certiorari is granted and the aforesaid findings of the referee and of the Industrial Relations Commission are quashed with directions that appellant be paid unemployment compensation benefits for such period and in such amounts as she is entitled to receive for discharge from her employment, *130 which discharge did not result from voluntarily leaving her employment without good cause attributable to her employer.
RAWLS, Acting C. J., concurs.
SMITH, J., dissents.