349 So.2d 1226 (1977)
STATE of Florida DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY, Petitioner,
v.
Charles E. DIETZ, Respondent.
No. 76-1996.
District Court of Appeal of Florida, Second District.
September 23, 1977.
*1227 Kenneth H. Hart, Jr., Tallahassee, for petitioner.
Charles E. Dietz, pro se.
SCHEB, Judge.
An unemployment compensation appeals referee held that respondent/claimant voluntarily left his employment without good cause, and was therefore not entitled to receive unemployment benefits. Upon review, the Industrial Relations Commission reversed. The state now petitions for certiorari.[1] We grant the writ.
On March 12, 1976, the respondent/claimant Charles Dietz applied to petitioner for unemployment compensation benefits. His application was denied by a claims examiner on the ground that he had been terminated due to misconduct. He appealed this decision, and on May 22, 1976, the appeals referee entered the following decision:
The determination of the Claims Examiner, disqualifying the claimant for benefits for being discharged by the employer for misconduct connected with his work, is hereby modified so as to hold that the claimant voluntarily left his employment without good cause attributable to the employer, and that the period of disqualification shall be for the week ending February 21, 1976, plus the five immediately following weeks, and until he has become reemployed and has earned at least $820.00.
The evidence before the appeals referee showed that Mr. Dietz had worked as a field auditor for the Division of Employment Security from February 1973 until May 1975, at which time he was assigned to appeals work; that he worked for approximately nine months in that position receiving somewhat lower wages than the regularly assigned referees. Mr. Dietz left the appeals office on February 16, 1976, and did not return, although he was furnished written notice that if he did not report back by March 8 (later extended to March 9) he would be deemed to have abandoned his job. In his testimony before the referee, Mr. Dietz offered no explanation for his departure from work or for his failure to return as ordered. Other witnesses indicated Mr. Dietz was dissatisfied because he *1228 was receiving lesser wages than regular referees. The evidence, however, revealed that he had been advised by the district supervisor that if he returned to work he would, upon request, be reassigned to the field auditing service.
In sum, the evidence supports the appeals referee's conclusion that from February 17 through March 9, 1976, the supervisor gave Mr. Dietz an opportunity to return to work and express his desire to either remain in appeals work or be reassigned as an auditor; however, Mr. Dietz neither returned nor expressed his reasons for not doing so.
On petition for certiorari to review administrative actions in granting or denying unemployment benefits it becomes incumbent upon this court to determine whether there was substantial competent evidence to support the findings of the appeals referee. Newkirk v. Florida Industrial Commission, 142 So.2d 750 (Fla.2d DCA 1962); Continental Baking Co. v. Vilchez, 219 So.2d 733 (Fla.2d DCA 1969).
Here we have concluded there was competent substantial evidence from which the appeals referee could have properly concluded that Mr. Dietz' failure to report back to work was tantamount to abandonment of his job. Under the law any claimant who voluntarily leaves his employment without good cause attributable to his employer is rendered ineligible for benefits otherwise provided under the unemployment compensation laws of this state. Section 443.06(1), Florida Statutes (1975); Duran Ins. Co. v. Dept. of Commerce, 260 So.2d 873 (Fla.2d DCA 1972). See also Quick v. North Central Fla. Community Mental Health Center, 316 So.2d 301 (Fla.1st DCA 1975). The referee's conclusion that the claimant was disqualified from receiving benefits was therefore correct.
Certiorari is granted and the decision of the Industrial Relations Commission is reversed and the decision of the appeals referee is reinstated.
BOARDMAN, C.J., and GRIMES, J., concur.
NOTES
[1] Judicial review by petition for writ of certiorari from orders of the Industrial Relations Commission in unemployment compensation matters is provided for by Section 443.07(4)(e), Florida Statutes (1975).