352 So.2d 948 (1977)
Lena F. HAMMETT, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, Division of Employment Security, and Bizzy B, Inc., Respondents.
No. 77-717.
District Court of Appeal of Florida, Second District.
December 9, 1977.
Bruce A. Campbell, of Barrs, Melendi, Williamson & Levens, Tampa, for petitioner.
Kenneth H. Hart, Jr., and Alex D. Littlefield, Jr., Tallahassee, for respondents.
SCHEB, Judge.
An unemployment compensation appeals referee held that petitioner/claimant was discharged for misconduct connected with her work, and was therefore not entitled to receive unemployment benefits. Upon review, the Industrial Relations Commission affirmed. Claimant Hammett now petitions for certiorari.[1] We grant the writ.
On June 7, 1976, petitioner/claimant Lena Hammett applied to respondent agency for unemployment compensation benefits. Her application was denied by a claims examiner on the ground that she had been terminated due to misconduct. She appealed this decision, and on July 23, 1976, the appeals referee affirmed the claims examiner's determination.
The evidence before the appeals referee showed that petitioner began working as manager of the Bizzy B convenience store in Brandon in February of 1976. One of her responsibilities was to fill in for absent employees when no one else was available.
On the morning of Saturday, May 29, 1976, while petitioner was working the day *949 shift with a new trainee, her area supervisor, Elida Simmons, came into the store, told petitioner that she had no one to work the night shift that night, and suggested that petitioner go home and return at 5:00 P.M. to work the night shift. Petitioner responded that she had plans for the evening that she could not cancel. She then suggested to Mrs. Simmons that the new trainee work the night shift. The supervisor was reluctant to accede to petitioner's suggestion, however, because the trainee, although experienced in working in convenience stores, was so new to Bizzy B. After some discussion, Mrs. Simmons left the store, saying she would check on the matter and get back with petitioner. Forty-five minutes later she called petitioner to her office and fired her, telling petitioner that she "did not have her heart in Bizzy B."
On the above facts, the appeals referee found that petitioner was discharged for misconduct connected with her work because,
although the claimant did not refuse to work, her actions and attitude during the discussion are equivalent to a refusal and tantamount to an intentional disregard of the employer's interests.
On petition for certiorari to review administrative actions in granting or denying unemployment benefits, it becomes incumbent upon this court to determine whether there was substantial competent evidence to support the findings of the appeals referee. Florida Department of Commerce v. Dietz, 349 So.2d 1226 (Fla.2d DCA 1977); Newkirk v. Florida Industrial Commission, 142 So.2d 750 (Fla.2d DCA 1962).
Here we conclude that the evidence supports the appeals referee's finding that petitioner did not refuse to work, but that there is no substantial competent evidence to support his finding of misconduct.
Section 443.06, Florida Statutes (1975) provides: "An individual shall be disqualified for benefits ... [when] he has been discharged by his employing unit for misconduct connected with his work ..." Although the Unemployment Compensation Law does not define misconduct, this court, along with the Third District, has approved the following definition:
"Misconduct" ... is limited to conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.
Fredericks v. Florida Department of Commerce, 323 So.2d 286 at 288 (Fla.2d DCA 1975); Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla.3d DCA 1963).
While petitioner may have shown poor judgment in not readily acceding to her supervisor's suggestion, we do not think her behavior amounted to "misconduct" within the meaning of the statute. In Woskoff v. Desta Enterprises, Inc., 187 So.2d 101 (Fla.3d DCA 1966), claimant was fired because she objected when her employer did not pay wages for the work day lost because of the Memorial Day holiday and persisted in what the referee termed "insubordinate" demands for such pay. The referee, as here, found that claimant's actions were "tantamount to an intentional disregard of the employer's interest," 187 So.2d at 103, and disqualified her from receiving benefits. The Third District reversed, holding that claimant's conduct, though unsatisfactory and evincing poor judgment, was not such as to constitute misconduct. If the persistent unreasonable demands of the claimant in Woskoff did not constitute misconduct, then petitioner Hammett's single, arguably unreasonable suggestion can hardly be said to amount to the *950 misconduct contemplated as a basis for denial of unemployment benefits.
Certiorari is granted and the decision of the Industrial Relations Commission is quashed. The cause is remanded with directions to grant petitioner's claim for unemployment compensation benefits.
GRIMES, Acting C.J., and DANAHY, J., concur.
NOTES
[1] Judicial review by petition for writ of certiorari from orders of the Industrial Relations Commission in unemployment compensation matters is provided for by § 443.07(4)(e), Fla. Stat. (1975).