353 So.2d 1261 (1978)
BAGWELL LUMBER COMPANY, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY and Thomas W. Fenders, Respondents.
No. 76-902.
District Court of Appeal of Florida, Second District.
January 18, 1978.
S. Colquitt Pardee, Avon Park, for petitioner.
Kenneth H. Hart, Jr., and Alex D. Littlefield, Jr., Tallahassee, for respondents.
*1262 GRIMES, Acting Chief Judge.
Petitioner discharged one of its employees, respondent Fenders. Fenders applied for unemployment compensation benefits, but the claims examiner denied his claim. He appealed to the appeals referee who also found the claimant to be ineligible for the benefits. Fenders appealed the referee's decision to the Industrial Relations Commission which reversed the referee and ruled Fenders eligible for the benefits. Petitioner sought a writ of certiorari seeking our review of the commission's ruling.
At the hearing before the appeals referee, Thomas Bagwell, the owner of the petitioning company, testified that Fenders had worked for him as a truck driver for sixteen years. He said Fenders had been drunk on the job on numerous occasions and that he had often warned him about his drinking on the job.
On January 23, 1975, Bagwell's son sent Fenders home because the son thought he was drunk. The next morning, Bagwell telephoned Fenders. Bagwell stated that from Fenders' voice he could tell he was drinking so he fired him. In support of his statement that Fenders was often drunk, Bagwell presented police records which showed twelve convictions on drunk charges and one conviction for DWI between 1968 and 1975.
Fenders denied being drunk on either January 23rd or 24th. He said Bagwell had told him he was being fired so that a younger man could be hired.
On the basis of the testimony, the appeals referee found that Fenders was discharged for misconduct and therefore was disqualified from receiving unemployment compensation benefits. In reversing that decision, the Industrial Relations Commission stated that, "The employer's long delay in discharging the claimant for drinking at work and the quantum and quality of the evidence at the hearing ... are insufficient to support a finding of misconduct... ."
The appeals referee is the fact-finder in the unemployment compensation claims procedure. Section 443.07, Florida Statutes (1975). If the record shows that there was substantial competent evidence to support the factual findings of the appeals referee, then that decision must be upheld. Florida Department of Commerce v. Dietz, 349 So.2d 1226 (Fla. 2d DCA 1977) (Opinion filed September 23, 1977); Continental Baking Company v. Vilchez, 219 So.2d 733 (Fla. 2d DCA 1969).
We have concluded that there was competent substantial evidence upon which the referee could have made his finding that Fenders was dismissed for misconduct connected with his work. See Castillo v. Florida Department of Commerce, 253 So.2d 162 (Fla. 2d DCA 1971). Consequently, he is not entitled to receive unemployment compensation.
The writ of certiorari is hereby granted, the decision of the Industrial Relations Commission is reversed, and the decision of the appeals referee reinstated.
SCHEB and DANAHY, JJ., concur.