SCHEB, Judge.
An unemployment compensation appeals referee held that the act for which petitioner/claimant was discharged from her employment was not “misconduct connected with her work,” and that she was therefore entitled to receive unemployment benefits. The Board of Review reversed, ruling that petitioner’s actions did constitute misconduct. Claimant Wike now petitions for review.[1]
The evidence before the appeals referee disclosed that petitioner was employed by B & B Cash Stores as a meat wrapper from March 11, 1975 to June 13, 1977. For approximately nine months prior to her discharge petitioner had frequent absences which her employer estimated to average one to two days per week. These absences were causing rather serious scheduling problems for the management and morale problems among the other employees.
Petitioner’s immediate supervisor, Paul Bernier, determined that he needed to speak with petitioner and either reduce her work schedule or have her take a leave of absence so that she could resolve whatever health or personal problems she was having. He therefore told Karl Silversdorf, the assistant meat manager, that he was pulling petitioner’s time card for the week of June 13, 1977, from its usual slot and that Sil-versdorf should tell petitioner when she came in to work that Bernier wanted to see her.
Silversdorf testified that when petitioner came in and found her time card missing, she asked him where it was. He said he told her that Bernier had it and she would have to ask him about it. A short while later he noticed that petitioner had left without waiting to talk to Bernier.
*1140 Petitioner testified that she asked Sil-versdorf whether she should wait for Bernier, who had not yet arrived at the store, or go home, since she couldn’t work without a time card. She said that Silversdorf replied, “I really don’t care what you do.” Petitioner explained that she was afraid she would start crying and did not wish to “fall apart” in front of her coworkers, so she left and went home.
When petitioner next contacted Bernier later that day, she was informed that she was discharged for failing to wait and confer with him.
The appeals referee found that petitioner was discharged
because of her unsatisfactory attendance and because she left the employer’s place of business after reporting to work on her last day at work and being advised that her time card had been removed and that she should wait for a meeting with her manager.
However, he further found that petitioner was not discharged for “misconduct connected with her work” within the meaning of the Florida Unemployment Compensation Law because her actions were not “tantamount to an intentional disregard of the employer’s interests.”
B & B then appealed to the Board of Review, which accepted the findings of fact by the appeals referee but reversed his determination that petitioner was not guilty of “misconduct.” The Board ruled that petitioner’s failure to wait for a conference with Bernier constituted “misconduct” as a matter of law. We believe that in so doing, the Board of Review has misconstrued the law. We therefore reverse.
Section 443.06, Fla.Stat. (1977) provides: “An individual shall be disqualified for benefits . . . [when] he has been discharged by his employing unit for misconduct connected with his work . . . .” Although the Unemployment Compensation Law does not define misconduct, this court has approved the following definition:
“Misconduct” ... is limited to conduct evincing such wilful or wanton disregard of an employer’s interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inad-vertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed “misconduct” within the meaning of the statute.
Hammett v. Florida Department of Commerce, Division of Employment Security, 352 So.2d 948, 949 (Fla. 2d DCA 1977); Fredericks v. Florida Department of Commerce, Industrial Relations Commission, 323 So.2d 286, 288 (Fla. 2d DCA 1975).
While petitioner may have shown poor judgment or even acted negligently in failing to wait for her supervisor, we find there was competent, substantial evidence to support the appeals referee’s holding that petitioner’s actions did not amount to misconduct within the meaning of the Unemployment Compensation Law. Therefore, the Board of Review erred in overturning the appeals referee’s decision.
Accordingly, the petition for review is granted and the decision of the Board of Review is quashed. The cause is remanded with directions to grant petitioner’s claim for unemployment benefits.
GRIMES, C. J., and HOBSON, J., concur.

. Judicial review by petition for review to this court from orders of the Board of Review in unemployment compensation matters is provided for by § 443.07(4)(e), Fla.Stat. (1977), and Fla.R.App.P. 9.110.