364 So.2d 864 (1978)
C.F. INDUSTRIES, INC., Petitioner,
v.
John Lee LONG, Jr., and Division of Employment Security of the Department of Commerce, State of Florida, Respondents.
No. 78-960.
District Court of Appeal of Florida, Second District.
November 29, 1978.
*865 Kelly B. Hardwick, III of Boswell, Boswell & Conner, Bartow, for petitioner.
Alex D. Littlefield, Jr., Tallahassee, for respondents.
SCHEB, Judge.
An appeals referee held that an employee of petitioner was not entitled to unemployment compensation since he was properly discharged for misconduct. The Board of Review reversed. Petitioner now seeks our review of the Board's action pursuant to § 443.07(4)(e), Fla. Stat. (1977). We reverse.
On July 13, 1977, petitioner C.F. Industries, Inc. terminated respondent John Lee Long, Jr.'s employment. Five days later Long filed a claim for unemployment compensation. A claims examiner and later the appeals referee denied the claim, holding that respondent had been properly discharged for misconduct connected with his work.[1]
At the hearing before the appeals referee, petitioner's personnel supervisor, Doug Paik, testified that he was familiar with Long's employment record. He presented an abstract of that record showing twenty-two separate instances of excessive tardiness, excessive absenteeism, violation of safety rules, failure to report an accident involving injury, and unsatisfactory performance. In each case Long was given a warning or a layoff which in one case amounted to two weeks.
Mr. Paik also presented a report by Long's supervisor on the incident which apparently led directly to Long's discharge. In that report, the supervisor stated that Long had falsified records of tests which he had been running and had lied when confronted with evidence of the falsification.
Respondent Long testified in his own behalf. He denied that he had falsified records or lied to the supervisor. He also stated that only one of the layoffs had been justified.
After the hearing, the referee entered an order affirming the decision of the claims examiner. He found that petitioner had failed to prove that Long had fabricated records but that the accumulated evidence was sufficient to justify Long's discharge for misconduct. Long appealed this decision to the Board of Review which reversed, holding that petitioner would not have fired Long except for his final act of falsifying records and that since petitioner did not establish that Long had falsified records the evidence did not support a finding that petitioner discharged Long for misconduct connected with his work.
In deciding whether the Board of Review erred by reversing the decision of the appeals referee we must determine whether there was competent, substantial evidence to support the referee's decision. If there was, then the Board of Review should have affirmed. Department of Commerce v. Dietz, 849 So.2d 1226 (Fla. 2d DCA 1977).
On several occasions we have approved the following definition of misconduct:

*866 "Misconduct" ... is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.
Wike v. Department of Commerce, 363 So.2d 1139, at 1140 (Fla. 2d DCA 1978); Hammett v. Department of Commerce, 352 So.2d 948, 949 (Fla. 2d DCA 1977); Fredericks v. Department of Commerce, 323 So.2d 286, 288 (Fla. 2d DCA 1975). Under this definition we believe that there was competent, substantial evidence to support the referee's holding that petitioner discharged Long for misconduct connected with his work. See Bagwell Lumber Company v. Department of Commerce, 353 So.2d 1261 (Fla. 2d DCA 1978).
Accordingly, we quash the decision of the Board of Review and remand this case with directions that the Board reinstate the decision of the appeals referee.
HOBSON, Acting C.J., and DANAHY, J., concur.
NOTES
[1] § 443.06, Fla. Stat. (1977) provides:

"An individual shall be disqualified for benefits . .. [when] he has been discharged by his employing unit for misconduct connected with his work... ."