366 So.2d 845 (1979)
Rodney D. TUCKER, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, Division of Employment Security and Alachua County Commissioners, Respondents.
No. KK-322.
District Court of Appeal of Florida, First District.
January 30, 1979.
*846 W. Douglas Campbell, of Douglass, Powell & Davey, Tallahassee, for petitioner.
Peter Skoro, Asst. County Atty., for respondents, Alachua County Commissioners.
PER CURIAM.
This is a petition for certiorari to the Industrial Relations Commission following the entry of its order affirming a denial of unemployment compensation benefits.
Tucker was an ambulance driver for Emergency Medical Services of Alachua County. His supervisor had heard that Tucker might have a heart problem and put Tucker on two weeks leave with pay on June 3, 1977, with directions that Tucker get a medical examination and report the results by the 17th. The supervisor verbally directed Tucker to report back to him on June 13th. On June 3d Tucker contacted his physician to try to schedule an appointment before June 17th, but was told that the doctor would be going on vacation and that the earliest date for an appointment would be June 21st. Tucker requested that the doctor send a letter to his employer explaining this situation and was told that a letter would be sent. Tucker stated that he thought that the letter from the doctor would cover the situation and that he did not go to see his employer on June 13th; however, the letter was never received by the employer.
On June 16th Tucker went to the office to pick up a pay check and met with his employer, explaining the problem with the doctor's appointment. He was told that no letter had been received, that the supervisor needed a letter, and that he would be suspended without pay pending the physical examination and the report. Tucker called the doctor that day and asked for a letter and was assured one would be sent, but no letter was ever received. Before Tucker's appointment with the doctor for the 21st, his daughter became critically ill and was in the hospital for over a week. Tucker was at the hospital with his daughter and called to reschedule the doctor's appointment, but never called to inform his employer.
The supervisor testified that he tried repeatedly to contact Tucker, but had no success until June 24th when Tucker was located at the hospital. Tucker called his employer that date and explained the situation. Tucker got the physical examination on June 27th and went to see his employer that date, whereupon he was informed that he was terminated. The doctor prepared a letter on that date, but it was not received by Tucker or his employer until a later date. A letter from the doctor subsequently verified all of Tucker's attempts to schedule appointments and to secure letters from the doctor's office.
The claims adjudicator found no willful or intentional disobedience and the employer appealed that decision. The appeals referee determined that Tucker was disqualified *847 from receiving benefits on the grounds that his actions were "a substantial disregard of his employer's interests and a substantial disregard of his duties and responsibilities to the employer." The Industrial Relations Commission reviewed the decision of the appeals referee, found that his decision was in accord with the essential requirements of law, and affirmed it.
On petition for certiorari to review the denial of unemployment compensation benefits, the standard for review is whether the findings are supported by substantial competent evidence. Hammett v. Florida Department of Commerce, 352 So.2d 948 (Fla. 2d DCA 1977).
Benefits may be denied for work-related misconduct. For purposes of unemployment compensation misconduct is defined as follows:
"`Misconduct' * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed `misconduct' within the meaning of the statute." Fredericks v. Florida Department of Commerce, IRC, 323 So.2d 286, 288 (Fla. 2d DCA 1975).
In Fredericks, a hotel cook had called work and told another hotel employee that he was ready to return to work, but that the employee did not deliver the message and the employer understood the cook was still sick and unavailable. The Second District Court of Appeal reversed the denial of benefits holding that it was not misconduct to vest good faith reliance on a third party. In the instant case, Tucker relied on his doctor and his staff to send the letters they agreed to send. Such behavior does not amount to misconduct.
Another decision of the Industrial Relations Commission was reversed by this court in Williams v. State, Department of Commerce, 260 So.2d 233 (Fla. 1st DCA 1972) where a painter who relied on a weather report predicting that it would rain all week left town on the assumption that he would not need to report to work that week. As it happened, it did not rain on Friday; and when he was not at work, he was fired. We stated that such conduct might be bad judgment but that it was not intentional conduct of a nature to disqualify him from benefits. Similarly, though it might have been bad judgment for Tucker to fail to personally keep his supervisor informed of the circumstances, it was not misconduct as defined in Fredericks.
In addition, Williams v. Florida Industrial Commission, 135 So.2d 435 (Fla. 3d DCA 1961), held that the existence of a family emergency would excuse the failure to report to work for purposes of unemployment compensation. Thus, Tucker's failure to call the employer when his daughter was in the hospital in critical condition should not result in his disqualification from benefits.
Finally, there was no substantial disregard of the employer's interests because it is evident from the record that the supervisor ordered Tucker to have the physical examination before returning to work and replacement personnel were available. Hammett, supra.
For the reasons stated, we hold that the decision of the Industrial Relations Commission affirming the decision of the appeals referee is not based on substantial competent evidence. Accordingly, the decision is quashed and the cause is remanded with directions to enter an order allowing unemployment compensation benefits.
MILLS, Acting C.J., and SMITH and MELVIN, JJ., concur.