373 So.2d 429 (1979)
FORT MYERS PUMP AND SUPPLY, INC., Petitioner,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, DIVISION OF EMPLOYMENT SECURITY,[1] and Helen G. Humphrey, Respondents.
No. 78-2231.
District Court of Appeal of Florida, Second District.
July 27, 1979.
A.J. Musial, Jr., Tampa, for petitioner.
James R. Parks and Harden King, Jr., Tallahassee, for respondents.
*430 BOARDMAN, Judge.
Fort Myers Pump and Supply, Inc. petitions for review of the order of the Board of Review reversing the decision of the appeals referee and finding respondent Humphrey eligible for unemployment compensation benefits. We hold that the decision of the appeals referee was supported by substantial, competent evidence, and we therefore reverse.
Petitioner employed Mrs. Humphrey as a secretary-bookkeeper in June, 1973. As the business expanded Mrs. Humphrey's duties became more specialized until she became the accounts receivable bookkeeper and credit manager. She held that position for over a year prior to her discharge. She was responsible for the processing of all credit applications, the posting of all invoices, and the maintenance of a cash box. At the beginning of her employment, Mrs. Humphrey was a good employee. However, as the business grew it became more and more important to implement more orderly methods for maintaining office records. Mrs. Humphrey resisted such "modernization," refusing to change her work habits to conform with various management decisions.
In early 1978, it was discovered that Mrs. Humphrey had failed to post eighty-seven invoices, had failed to pay for materials which she had purchased from the company, was spending a considerable amount of time on the telephone during working hours on her own personal real estate matters, had been using the photocopy machine for her own personal use, and had failed to carry out specific orders with respect to certain credit customers and with respect to the maintenance of the cash box. On March 3, 1978, one of Mrs. Humphrey's immediate supervisors spoke with her and indicated the changes which she needed to make if she wished to maintain her position with the company. Despite her belligerent attitude toward making any changes in the way she did her work, Mrs. Humphrey was allowed to continue in her position in the hope that she would comply with the requests made of her.
On March 10, 1978, the president of the company discharged Mrs. Humphrey after overhearing several of her personal telephone calls and after she had told him that the changes she had been ordered to make were not necessary and that she would not comply with them.
It is well settled that the appeals referee is the finder of fact in the unemployment compensation claims procedure, Bagwell Lumber Co. v. Florida Department of Commerce, Division of Employment Security, 353 So.2d 1261 (Fla.2d DCA 1978), and that the referee's decision must be upheld if there is substantial competent evidence to support it. General Telephone Co. of Florida v. Board of Review, 356 So.2d 1357 (Fla.2d DCA 1978); Bagwell Lumber Co. v. Florida Department of Commerce, Division of Employment Security, supra; Hammett v. Florida Department of Commerce, Division of Employment Security, 352 So.2d 948 (Fla.2d DCA 1977); State Department of Commerce, Division of Employment Security v. Dietz, 349 So.2d 1226 (Fla.2d DCA 1977).
The referee specifically found that Mrs. Humphrey was discharged for spending an excessive amount of her time on the job in making personal telephone calls and refusing to make requested changes in her work habits. There is substantial, competent evidence to support this finding.
The referee further found that these actions on the part of Mrs. Humphrey constituted "misconduct connected with her work" within the meaning of the Unemployment Compensation Law. "Misconduct" has been defined as follows:
"`Misconduct' * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to mainfest [sic] equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and *431 obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed `misconduct' within the meaning of the statute."
Fredericks v. Florida Department of Commerce, 323 So.2d 286 at 288 (Fla.2d DCA 1975); Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla.3d DCA 1963). Mrs. Humphrey's conduct clearly falls within this definition. Her actions were in direct contravention of her employer's instructions, which were not shown to be unreasonable; her conduct was willful, not merely negligent; and her insubordination was repeated, rather than occurring in one or two isolated instances. The referee's application of the law to the facts was correct, and the Board of Review erred in substituting its own conclusions for those of the referee.
Accordingly, the order of the Board of Review is REVERSED and the cause REMANDED with instructions to reinstate the decision of the appeals referee.
GRIMES, C.J., and OTT, J., concur.
NOTES
[1] The Division of Employment Security has now been transferred from the Department of Commerce to the newly established Department of Labor and Employment Security. § 20.171, Fla. Stat. (1978 Supp.).