GRIMES, Chief Judge.
This opinion deals with a petition for review of an order of the Career Service Commission which concluded that the discharge of a state employee had been without just cause.
*684 Patricia Vernon was dismissed from her job as a receptionist with the Department of Health and Rehabilitative Services in Wauchula, Florida. She filed a career service appeal seeking reinstatement and back pay. She also filed a claim for unemployment compensation benefits. During the unemployment compensation- proceedings, which occurred first, an appeals referee found that the evidence failed to establish that HRS had properly discharged her for “misconduct in connection with her work” as that phrase is used in Section 443.06(1), Florida Statutes (1977). He, therefore, concluded that she qualified for unemployment compensation benefits.
At Miss Vernon’s hearing before the Career Service Commission, her counsel requested the application of the doctrine of estoppel by judgment to prevent the parties from relitigating disputed issues of fact which they had presented to the Unemployment Compensation Appeals Referee. The commission granted this motion, thereby denying HRS the opportunity to litigate the issue of whether or not there was just cause for Miss Vernon’s dismissal.
The doctrine of estoppel by judgment is an equitable principle used to prevent the same parties in two separate suits from relitigating in the second suit those issues common to both suits which were decided in the first suit. Gordon v. Gordon, 59 So.2d 40 (Fla.1952). Although it was a divorce case, the reasoning in Gordon is clearly applicable to the present situation. The question was whether the doctrine of estoppel by judgment would apply to prevent the plaintiff from asserting the ground of constructive desertion when the court had previously ruled against her on the issue of mental cruelty. The court found that although the facts relied on in both suits were essentially the same, the degree of proof required for mental cruelty was greater than that for constructive desertion. Therefore, the court held that the doctrine of estoppel by judgment would not apply to prevent litigation of the issue of constructive desertion.
Turning to the case at hand, we find that this court has defined the “misconduct” necessary to support the denial of a claim for unemployment compensation to be:
conduct evincing such wilful or wanton disregard of an employer’s interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadver-tencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed “misconduct” within the meaning of the statute.
Hammett v. Florida Department of Commerce, Division of Employment Security, 352 So.2d 948, 949 (Fla.2d DCA 1977); Fredericks v. Florida Department of Commerce, Industrial Relations Commission, 323 So.2d 286, 288 (Fla.2d DCA 1975).
Wike v. Florida Department of Commerce, Division of Employment Security, 363 So.2d 1139, 1140 (Fla.2d DCA 1978). On the other hand, Florida Administrative Code Rule 22A-7.10(7)(b) defines “just cause” for purposes of the dismissal of a. career service employee as follows:
Just cause shall include, but not be limited to, negligence, inefficiency, or inability to perform assigned duties; insubordination; willful violation of the provisions of these or agency rules and regulations; conduct unbecoming a public employee, misconduct, habitual drunkenness, or conviction of any crime involving moral turpitude.
The standard for misconduct contained in the Unemployment Compensation Law is obviously higher than that for just *685 cause under the State Career Service requirements. As a result, the finding by the Unemployment Compensation Appeals Referee that Miss Vernon’s acts did not constitute misconduct did not necessarily mean that those acts did not constitute just cause for dismissal as a career service employee. Clearly, then, under the rationale of Gordon the use of the doctrine of estoppel by judgment was inappropriate.
We reverse and remand to the Career Service Commission for a hearing at which the commission should take evidence on the issue of whether HRS dismissed Miss Vernon for just cause.
BOARDMAN and RYDER, JJ., concur.