383 So.2d 759 (1980)
Donald W. HARTENSTEIN, Appellant,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Unemployment Appeals Commission and Southern Tire Company, Appellees.
No. 79-1594.
District Court of Appeal of Florida, Second District.
May 14, 1980.
*760 Gardner W. Beckett, Jr., of Nelson, Beckett & Nelson, St. Petersburg, for appellant.
James R. Parks and A. Robert Whaley, Tallahassee, for appellees.
DANAHY, Judge.
An unemployment compensation appeals referee held that petitioner was discharged for work related misconduct pursuant to Section 443.06, Florida Statutes (1977), and, therefore, was not entitled to receive unemployment compensation benefits. Upon review, the Unemployment Appeals Commission affirmed the referee and adopted his decision. Because we find the decision is not supported by competent substantial evidence, we grant the petition for review and remand this cause with directions to enter an order allowing petitioner's claim.
The sole evidence relied upon by the referee was a letter submitted by petitioner's employer in which he described two examples of alleged misconduct by petitioner. One example was petitioner's irregular work schedule and the other was petitioner's request for time off from work. Under the circumstances of this case, neither example, nor a combination of both, constitutes work related misconduct within the meaning of Section 443.06.
Petitioner was employed in May, 1978, as a bookkeeper by Southern Tire Company (the employer) and was scheduled to work 8:00 a.m. to 5:00 p.m., Monday through Friday. At the time of his employment, he was working on a part-time basis for an accounting firm. In January, 1979, petitioner informed the employer, that he would need to change his hours to accommodate this part-time employment and the employer made no objection as long as his work got done. With the employer's permission, petitioner extended his lunch break to work at the second job, worked until 6:00 p.m., and also worked on Saturdays. During at least one week, however, petitioner worked less than a full forty hours. The practice of working irregular hours continued for three and one-half months until the tax season ended.
Before work on Monday morning, April 16, 1979, the day the tax season ended and the day petitioner was to resume his regular schedule, he learned that his father had died in another state and that the funeral would be on Wednesday, April 18. When he reported to work that Monday morning, petitioner told the employer that he needed a few days off but did not explain that the reason was to attend his father's funeral. When petitioner phoned the employer later in the day, the employer informed him he was discharged. During that conversation, petitioner explained the reason he needed the several days off and the employer refused to reconsider or discuss the matter further. Petitioner testified he might not have gone to his father's funeral if the employer had refused to give him the time off instead of firing him summarily.
Petitioner filed his claim pursuant to Chapter 443, Florida Statutes (1977), which *761 provides benefits for persons unemployed through no fault of their own. The statute expressly disqualifies a person for benefits if that person has been discharged "for misconduct connected with his work." The statutory provisions define misconduct to include:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.06(9).
The employer contends petitioner may not qualify for benefits under the act because he was discharged for work related misconduct consisting of (1) working less than a regular forty hour week and (2) seeking time off to attend his father's funeral, or (3) a combination of the foregoing. We disagree.
Unless an employer expressly disapproves an employee's irregular schedule, that schedule does not constitute employee misconduct. In Bonomo v. Division of Employment Security, 346 So.2d 128 (Fla. 1st DCA 1977), the claimant challenged an administrative determination that she was discharged for work related misconduct because she requested a reduction in her work hours due to her husband's illness. The employee was told that she would be assigned a new schedule to meet her need; instead, however, she was discharged. The court found, under these circumstances, her employer should have notified the claimant that "she must either resume her old schedule or be discharged." Id. at 129. The court held that absent that choice, the claimant's discharge could not have been based on work related misconduct; therefore, she was able to recover unemployment compensation benefits. In the case before us it would have been no undue burden on the employer to inform petitioner that the practice of working irregular hours would no longer be tolerated and that he must choose to return to the original schedule or be discharged. Without notification of this choice, we believe the different work schedule, permitted by the employer for three and one-half months, did not constitute misconduct by petitioner.
We also think petitioner's request for time off to attend his father's out-of-state funeral did not constitute behavior amounting to misconduct. In Williams v. Florida Industrial Commission, 135 So.2d 435 (Fla. 3d DCA 1961), the court held that the existence of such a family emergency excused an employee's failure to report to work for purpose of unemployment compensation. See also Tucker v. Florida Department of Commerce, 366 So.2d 845 (Fla. 1st DCA 1979). Cases holding that absenteeism caused by the employee's personal problems does constitute an intentional disregard of his duties amounting to work related misconduct contain two special factors not present in the instant case: (1) the employer discussed the situation with the employee, warning him that his conduct was not satisfactory; and (2) the employee failed to give any notice that he would be absent. Moreover, while in these cases the employee was fired for being absent, petitioner in the case before us was fired for merely requesting time off which is not misconduct within the intent of the statute. Wike v. Florida Department of Commerce, 363 So.2d 1139 (Fla. 2d DCA 1978); Hammett v. Florida Department of Commerce, 352 So.2d 948 (Fla. 2d DCA 1977).
It is true, as the employer suggests, that an employee's entire employment history can be considered in determining whether the employee was discharged for misconduct. C.F. Industries, Inc. v. Long, 364 So.2d 864 (Fla. 2d DCA 1978). However, a consideration of the examples of alleged misconduct in the case before us in combination does not elevate them to the standard prohibited by the statute. In cases where misconduct was found on the *762 basis of a consideration of the employee's entire employment history, the employer warned the employee he would be fired if his behavior did not improve, and the employee had engaged in misconduct much more serious than working irregular hours or requesting time off. E.g., Bagwell Lumber Company v. Florida Department of Commerce, 353 So.2d 1261 (Fla. 2d DCA 1978); Catholic Social Services v. Florida Department of Commerce, 365 So.2d 427 (Fla. 1st DCA 1978); Varig Brazilian Airlines v. Florida Department of Commerce, 354 So.2d 921 (Fla. 3d DCA 1978). Cf. Fort Myers Pump and Supply, Inc. v. Florida Department of Labor and Unemployment Security, 373 So.2d 429 (Fla. 2d DCA 1979) (where employer indicated changes employee needed to make if she wished to retain her position and employee belligerently refused to comply with the requests, employee's conduct was within statutory definition of work related misconduct because her insubordination was repeated, rather than occurring in one or two isolated instances).
Accordingly, we hold that the sole evidence in the instant case, which consists of a letter written by the employer outlining the two above examples of petitioner's alleged misconduct, does not constitute competent substantial evidence that misconduct occurred. That misconduct envisioned by the statute includes either wanton, deliberate disregard of the employer's standard of behavior, or the intentional disregard of the employer's interest. Section 443.06(9). Neither petitioner's working an irregular schedule (absent a warning from his employer), nor his request for time off to attend his father's funeral, constituted behavior amounting to misconduct within the meaning of the statute. Therefore, we grant the petition and set aside the order of the Commission and we remand the cause with directions to enter an order allowing the benefits.
BOARDMAN, Acting C.J., and ULMER, RAY E., Jr., Associate Judge, concur.