425 So.2d 198 (1983)
Edwin G. DAVIS, III, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 81-811.
District Court of Appeal of Florida, Fifth District.
January 19, 1983.
*199 Edwin G. Davis, III, pro se.
James R. Parks and Norman A. Blessing of the Unemployment Appeals Com'n, Tallahassee, for appellee.
PER CURIAM.
Appellant appeals from an order of the Unemployment Appeals Commission which denied him unemployment compensation benefits based on a finding that he had been discharged for misconduct. We affirm.
Section 443.101(1)(a), Florida Statutes (1981), provides that no unemployment benefits may be received if an employee is discharged for misconduct. "Misconduct" is defined in section 443.036(24), Florida Statutes (1981), as follows:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
Various cases have noted that "mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion" do not constitute "misconduct" under the statute. Tucker v. Florida Department of Commerce, 366 So.2d 845, 847 (Fla. 1st DCA 1979); Fredericks v. Florida Department of Commerce, 323 So.2d 286, 288 (Fla. 2d DCA *200 1975); Spaulding v. Florida Industrial Commission, 154 So.2d 334, 337 (Fla. 3d DCA 1963).
In the instant case, the appeals referee concluded that two incidents justified a finding of misconduct. He found:
On February 12, 1981, the claimant walked off the job and deprived the employer of his services. The work that the claimant was asked to perform on the morning of February 17, 1981, was proscribed by the employer's policy but was permitted in times of emergency or when the workload was heavy. The workload was heavy at the time the waitress asked the claimant to move the container of dirty dishes. The claimant's walking off the job on February 12, 1981, combined with his failure to give reasonable assistance to one of the employer's waitresses during a time when business was heavy establishes an intentional and substantial disregard of his duties and obligations to his employer.
Appellant, a restaurant dishwasher, walked off the job on February 12, 1981, because of a dispute which arose after he had requested to train as a cook. When appellant observed a less senior dishwasher training as a cook, appellant became upset and left his job because he thought the trainee was working without pay.
Appellant was allowed to return to work on February 15, 1981, but on February 17, 1981, while working the graveyard shift, he refused the request of a waitress to carry bus pans (containing dirty dishes) from the dining room area. The record reveals that while it was generally against company policy to use bus pans in the dining room, they were permitted when the workload was heavy. It is undisputed that the workload at the restaurant was heavy at the time in question. There was also evidence that appellant had helped with the bus pans on past occasions and that on the night in question, appellant's employer was short of help due to an employee's sickness.
We agree with the appeals referee and the Commission that appellant's conduct established an intentional and substantial disregard of his employer's interests and of his own duties, so as to amount to misconduct. Therefore, appellant was disqualified from receiving unemployment benefits.
AFFIRMED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I disagree that Davis's two incidents of misbehavior reach the degree of willfulness or wantoness required by the Unemployment Compensation Statute's definition of misconduct, for which compensation payments may be denied. The statute defines misconduct as:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§§ 443.036(24)(a) & (b), Fla. Stat. (1981). (Emphasis supplied).
The first incident relied upon by the referee was that Davis walked off his job on February 12, 1981, because of a labor dispute or misunderstanding. But because Davis had been a hardworking, conscientious employee, he was allowed to return to work on February 15, 1981, after tempers cooled respectively. Using this incident, which was apparently forgiven and forgotten, to buttress the second strikes me as patently unfair.
The second incident, the real crux of the firing, arose when Davis refused the request of a waitress, who was not his supervisor, to carry bus pans from the dining room. The referee found that it was against company policy to use bus pans in *201 the dining room. Furthermore, carrying them out was not part of Davis's assigned tasks. The waitress admitted that although Davis had on previous occasions helped with the pans, he had also refused on other occasions to help with them. He had never been warned or disciplined for his refusal in the past.
Thus, I cannot agree there is any support in this record to find that Davis deliberately violated any rule or standard of behavior of his employer. In the first place, it is not clear that he breached any duty of his job as a dishwasher, nor any order of his supervisor. Secondly, there is no basis to conclude Davis's actions were taken with the degree of culpability or evil design required in order to sustain a finding of "misconduct" under the statute. Erber v. Federal Express Corporation, 409 So.2d 522 (Fla. 5th DCA 1982); Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla. 3d DCA 1963).