COBB, Judge.
Giordani appeals from an order of the UAC denying her unemployment compensation. The appeals referee’s findings of fact, which were substantially adopted by the UAC, are supported by the record and form the factual basis upon which this court’s decision must be based:
FINDINGS OF FACT: The claimant was employed as a licensed practical nurse for a nursing home from December 13, 1993, until April 10, 1996. On September 12, 1994, the claimant was warned for failing to report to a supervisor that a resident was missing from the building. When the claimant was confronted about this, she *898 replied that she was not aware of the correct procedure to be followed in this situation. The claimant was warned on October 21, 1994, for not reporting what medicine was given to the residents on twenty-three occasions. Since that warning, the claimant properly reported this information. On March 8, 1995, the claimant did not notify the doctor that a particular medicine of a resident had been discontinued. The claimant also failed to apply antibiotic ointment to a skin tear. There was a standing order in the resident’s chart to apply the ointment in ease of a skin tear. The claimant was suspended three days for these infractions. The claimant was warned on October 11, 1995, for not administering the correct dose of medication to a resident. The nurse who handled doctors’ orders was responsible for indicating the correct dose of medicine to be received by each resident.
On April 9, 1996, the claimant accompanied a resident home from cataract surgery. The claimant was advised by the surgeon’s secretary that the resident was to keep the eye patch on and gave the claimant soft wrist restraints so the resident would not tear the patch off. Shortly after arriving at the nursing home, the claimant noticed that the resident had taken the patch off and therefore applied restraints for the rest of her shift. The claimant was aware that the employer-house doctor had to approve all orders before they were implemented. In the morning, the assistant director of nursing observed that the resident’s hands were swollen and red. The claimant was discharged on April 10, 1996, for failing to follow company procedure and for resident abuse.
The claimant was found to be disqualified from receipt of benefits by the referee and by the UAC based upon the conclusion that her actions “represented a continuous course of conduct in violation of her duties and obligations to the employer....” As pointed out by the appellee, an employee’s entire employment history can be considered in determining whether the employee was discharged for misconduct. Hartenstein v. Florida Department of Labor and Employment Security, 383 So.2d 759 (Fla. 2d DCA 1980); C.F. Industries, Inc. v. Long, 364 So.2d 864 (Fla. 2d DCA 1978); Varig Brazilian Airlines v. Florida Department of Commerce, Division of Employment Security, 354 So.2d 921 (Fla. 3d DCA 1978).
In this case, the UAC found no crucial errors in the referee’s findings of fact or in her conclusions of law, and therefore affirmed. We do the same.
AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents with opinion.