VILLANTI, Judge.
Theresa L. Franks appeals the order of the Unemployment Appeals Commission affirming the decision of the appeals referee that disqualified her from receiving benefits. Because Ms. Franks’ actions, which resulted in her discharge from employment, did not rise to the level of misconduct as defined in section 443.036(29), Florida Statutes (2004), we reverse.
Ms. Franks was employed as a legal assistant with the law firm of Price Hamilton & Price Chartered. Ms. Franks was taking online classes during the course of her employment. She then began taking classes at a local campus. Her new school schedule affected her work hours. At some point during her employment, the employer permitted Ms. Franks to work an irregular schedule. Soon after Ms. Franks’ local classes began, the employer decided to enforce a regular work schedule. Rather than giving Ms. Franks the option of working regular full-time hours, the employer discharged her. At no time prior to her discharge did the employer advise Ms. Franks that the irregular work schedule would no longer be allowed to continue.
When Ms. Franks applied for unemployment compensation benefits, her employer *643 reported that Ms. Franks had quit her job “because the employer refused to change the work schedule which was agreed upon at the time of hire.” Her application for benefits was denied based upon her employer’s report. Ms. Franks appealed the decision, and a telephonic hearing was held. At the hearing, the employer admitted that Franks had been fired. Following the hearing, the appeals referee found that Ms. Franks did not quit but had been discharged by the employer for “misconduct connected with work.”[1] The Unemployment Appeals Commission affirmed the appeals referee’s decision, and Ms. Franks timely appealed to this court.
Section 443.101(l)(a) disqualifies a person for unemployment compensation benefits if that person has been discharged “for misconduct connected with his or her work.” Misconduct is defined by the statute as:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
§ 443.036(29).
The alleged misconduct by Ms. Franks involved her irregular work schedule. However, “[ujnless an employer expressly disapproves an employee’s irregular schedule, that schedule does not constitute employee misconduct.” Har-tenstein v. Fla. Dep’t of Labor & Employment Sec., 383 So.2d 759, 761 (Fla. 2d DCA 1980). In Bonomo v. Division of Employment Security, 346 So.2d 128 (Fla. 1st DCA 1977), the court reviewed a discharge for work-related misconduct because the worker had requested a reduction in hours. In response to her request, the worker was fired. The court found that the worker should have been told to either resume her old work hours or face discharge. The court held that absent that choice, “the claimant’s discharge could not have been based on work related misconduct; therefore, she was able to recover unemployment compensation benefits.” Hartenstein, 383 So.2d at 761.
Here, the record shows that the employer had previously allowed Ms. Franks to work an irregular schedule. The record also shows that Ms. Franks was terminated without being given the opportunity to comply with the employer’s new stance on work hours. Without being notified by the employer that regular hours were required and Ms. Franks refusing to comply with the request, Ms. Franks’ conduct could not constitute misconduct within the meaning of the statute.
Accordingly, we reverse the order of the Unemployment Appeals Commission and remand with directions to enter an order allowing the benefits.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.

. Our decision makes it unnecessary to address Ms. Franks’ claim on appeal that the administrative proceedings deprived her of a fair hearing and thus denied her due process of law.