FRANK D. UPCHURCH, Jr., Judge.
Sondi Kartman appeals from a final order of the Unemployment Appeals Commission which affirmed the appeals referee’s *1074 decision denying her unemployment compensation benefits.
Kartman began working for Sheraton World as a hostess in November, 1982. In February, 1983, she was transferred to the company’s Cafe Sunrise. Her duties were to greet and seat customers. A senior hostess was assigned to show Kartman the proper procedure for seating people at her new work place. Apparently the hostess was not as tactful as she might have been and castigated Kartman for a mistake in front of customers. Kartman complained of this treatment to a supervisor who took no steps to alleviate the friction between the two. When a similar incident happened again a few minutes later, Kartman left her assigned duties and went home without notifying the manager or supervisor. Later in the day, she called in and told the manager what had happened. The manager testified he checked with the senior hostess and concluded that Kartman, in walking off the job, had quit. Kartman testified that the manager told her she was fired.
The appeals referee concluded that Kart-man’s action in leaving work amounted to misconduct connected with her work and disqualified her for benefits. The commission affirmed.
Section 443.101(l)(a), Florida Statutes (1983), provides that no unemployment benefits may be received if an employee is discharged for misconduct. “Misconduct” is defined in section 443.036(24), Florida Statutes (1983), as follows:
“Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
We recently held in Davis v. Unemployment Appeals Commission, 425 So.2d 198 (Fla. 5th DCA 1983) that an employee’s action in walking off the job, combined with his failure to give reasonable assistance to another employee during a peak in business activity, amounted to an intentional and substantial disregard of his employer’s interests so as to constitute misconduct. That ease is distinguishable from the instant one. Kartman was subjected to embarrassment and humiliation in front of customers on two occasions and sought assistance from her supervisor without success before departing. Additionally, here Sheraton World established and published “Standards of Discipline” governing employees and specified the penalties for violation of these rules. “Leaving hotel during working hours without permission” carried the penalty of an oral reprimand for the first violation and only on the third violation did the standards provide for discharge. Under these circumstances, the referee and commission were incorrect in concluding that Kartman acted with a “willful or wanton disregard” of her employer’s interests or in “substantial disregard” of its interests.
REVERSED.
COBB, C.J., and SHARP, J., concur.