PER CURIAM.
We are asked to review an order of the Florida Unemployment Appeals Commission affirming the decision of an appeals referee that denied Joanne Philbin unemployment benefits.
Philbin was employed by Southern Bell as a service representative and was discharged for misconduct. After the unemployment appeals hearing, the appeals referee made the following findings of fact:
During the course of the claimant's employment with the employer, there were instances when the claimant would telephone an acquaintance, who was a customer of the employer. There were instances when the claimant would telephone the acquaintance, the roommate of the acquaintance would answer the telephone, and the claimant would hangup without any conversation. The claimant believed that there was a personality conflict between the roommate of the acquaintance and herself. She never advised the acquaintance of her actions. Whenever the acquaintance would answer the telephone, the claimant would proceed with a conversation. In approximately June, 1985, the acquaintance told the claimant that his telephone number would be changing. The claimant was later given the telephone number by the acquaintance. However, before the claimant was given the telephone number, the claimant went through the customer records and obtained the non-published number of the acquaintance. It was her intention to use the telephone number in order to telephone the acquaintance and discuss personal business. The employer received a complaint from the acquaintance that the claimant was making harassing telephone calls to him.
[Emphasis added.]
Philbin had signed an acknowledgment that she would not, during or after her employment, publish, disclose, use or authorize anyone else to publish disclose or use, any private, confidential or proprietary information she may have acquired during her employment. The appeals referee found that Philbin’s actions amounted to a violation of that acknowledgment:
The employer also established from the claimant in a statement dated October 17, 1985, signed by the claimant, that the claimant did obtain the acquaintances nonpublished telephone number from company records for personal use. The claimant’s obtaining the acquaintances non-published telephone number from company records for personal use was in direct violation of the acknowledgment dated May 25, 1985, and signed by the claimant.
[Emphasis added.]
The appeals referee concluded that Phil-bin’s acts amounted to a deliberate, willful and intentional disregard of the employer’s best interests. However the acknowledgment clearly forbids the dissemination of the information Philbin obtained, not her act of obtaining the number, as found by the appeals referee. Thus, with no violation of this company policy there is no support for a finding of misconduct sufficient to justify denial of unemployment benefits. The appeal referee also found that Philbin’s acts amounted to harassment of a subscriber. However the record shows that the hang-up calls were perpetrated against the subscriber’s roommate only, thus, there is no support for the conclusion that the subscriber’s best interest was intentionally disregarded by Philbin.
An employer may deny benefits to an employee who is discharged for misconduct. § 443.101, Fla.Stat. (1983). Section 443.036(24), Florida Statutes (1983) defines misconduct as
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s in *1377 terests or of the employee’s duties and obligations to his employer.
In determining whether misconduct has occurred which would disqualify a claimant from receipt of benefits we are to give a liberal construction, in favor of the claimant, to the statute defining misconduct. Goldstein v. Ury Kalai, M.D., P.A., 480 So.2d 695, 697 (Fla. 4th DCA 1985).
We hold that the record does not contain sufficient evidence to support the referee’s finding that appellant used her employer’s records in direct violation of company rules. Therefore we reverse and remand this cause for further proceedings.
REVERSED and REMANDED.
DELL and GUNTHER, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.