ZEHMER, Judge.
Appellant, Katadrew Hannon, a former employee of the Department of Health and Rehabilitative Services (HRS), appeals an Unemployment Appeals Commission order affirming an appeals referee’s decision to disqualify Hannon from receiving unemployment benefits. We review the case pursuant to section 443.151(4)(e), Florida Statutes (1985), and set aside the order for lack of competent, substantial evidence to support the decision.
Hannon, employed by HRS in a clerical position, was terminated on grounds that his employment application had been intentionally falsified in that it did not accurately reflect both his past law violations and his employment history. After discharge, Hannon applied for unemployment benefits. A claims examiner reviewed his application and denied it on the ground that he falsified his employment application. Han-non appealed the claims examiner’s decision, and a hearing was held before an appeals referee. The referee affirmed the claims examiner’s decision, concluding that Hannon was disqualified from receiving unemployment benefits because he was discharged for misconduct connected with his work.
Section 443.101, Florida Statutes (1985), states that “[a]n individual shall be disqualified for benefits ... for misconduct connected with his work.” Section 443.-036(24)(a) defines “misconduct” as conduct evincing a willful or wanton disregard of the employer’s interests. If the record fails to contain competent, substantial evidence to support a factual finding meeting this standard, the order must be set aside. § 120.68(10), Fla.Stat. (1983).
With respect to the first ground for discharge, i.e., failure to include all past law violations on the employment application, the record reveals that Hannon disclosed a single DUI conviction on the application, referring to it as a traffic offense. Appel-lees contend that in fact Hannon had more than one DUI conviction. The appeals referee’s decision on this fact is ambivalent, finding at one point there was no evidence revealing any conviction except the one listed on the application, and at another point that Hannon failed to reflect all convictions on his application. We decline to treat the one ambiguous statement by Hannon in which he apparently referred to “convictions” in the plural as competent, substantial evidence establishing that there were, in fact, more convictions than one. Taken as a whole, Hannon’s statements support a finding of having only one conviction. Since the record otherwise fails to establish any additional prior convictions, HRS has failed to sustain its burden of proving that Hannon was guilty of misconduct in this respect. Sheriff of Monroe County v. Unemployment Appeals Commission, 490 So.2d 961, 962 (Fla. 3d DCA 1986).
The second ground for discharge, e.g., a willful failure to include a complete employment history on his application, is likewise not supported by competent, substantial evidence. HRS contends that, although required to do so by HRS, Hannon deliberately refused to list every prior employment on his application. The record reveals that the employment application is ambiguous regarding the extent of employment history required to be listed by applicants. The HRS application form contains both general and specific instructions. Specific instruction number 7 explains how to fill in an applicant’s employment record, and states, “If you wish to include information on more than three positions, attach an additional application.” This statement could well lead the applicant to believe *217 that, irrespective of the number of his prior employers, he could list only three prior employers and still comply with the instructions. Although Hannon had several prior jobs, his initial application included information regarding only three. In view of the quoted instruction, his failure to list more than three jobs on the initial application is not competent, substantial evidence of a refusal to disclose all prior employment that rises to the level of a willful or wanton disregard of the employer’s interest.
During a subsequent interview, Hannon was asked to supplement the initial application by listing any other employment, and he listed three jobs not listed on the initial application. Approximately three months after hiring Hannon, an HRS supervisor confronted him with his application and asked him to explain why he had not provided HRS with a complete list of all previous employers. Appellant stated that he had listed all clerical positions and that the only two jobs not listed were nonclerical positions. HRS then instructed Hannon to amend his application to reflect every job he had ever held, but the record does not reflect that HRS gave Hannon a deadline for filing the amendment or warned him of possible discharge if he failed to immediately file such an amendment. One week later, without further directions or warning, HRS discharged Hannon for failing to include a complete employment history on his application.
The record, taken as a whole, is ambiguous regarding the immediate need for Han-non’s compliance with the last directive, and contains no additional evidence to show that Hannon willfully refused to furnish requested information regarding prior employers. We conclude that the evidence of record does not amount to competent, substantial evidence that Hannon intentionally refused the employer’s request or direction to furnish information or that such refusal rises to the level of misconduct characterized as willful and wanton disregard of the employer’s interests, as required by section 443.036(24), Florida Statutes.
The commission’s order is, therefore, set aside and the cause is remanded for entry of an order granting appellant’s application for benefits.
REVERSED.
SHIVERS, J., and PEARSON, TILLMAN (Ret’d), Associate Judge, concur.