PER CURIAM.
Employee appeals from an order of the Unemployment Appeals Commission affirming an appeals referee’s decision denying employee’s unemployment benefits. We affirm.
Appellant was employed as an assistant teacher at Montanari Residential Treatment Center, a center for emotionally disturbed and mentally retarded children. Two months into his employment he was involved in an incident whereby he struck a fleeing student with a pointer in an effort to slow him down. He was cited for violation of company policy and child abuse and was given a written final warning stating that any similar future actions would be grounds for immediate dismissal.
Nine months later appellant was involved in another incident in which he dashed a cup of coffee across the shirt of a student who had been provoking appellant for some time and who had allegedly placed foreign matter in appellant’s coffee. HRS was notified and determined that the incident involved substantiated child abuse. Appellant was dismissed. He applied for unemployment compensation benefits and was denied pursuant to section 443.101, Florida Statutes (1985), because he had been dismissed for misconduct.
Appellant contends that his actions did not amount to “misconduct” and therefore he should not be denied unemployment benefits.
Section 443.036(24), Florida Statutes (1985), defines misconduct as follows:
“Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
*430 (b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
The appeals referee concluded that appellant had exhibited a blatant disregard of his employer’s interests and therefore his actions constituted misconduct. The standard of review to be applied is whether the conclusion of the appeals referee was supported by competent substantial evidence. Hannon v. Department of Health and Rehabilitative Services, 513 So.2d 215 (Fla. 1st DCA 1987); Trinh Trung Do v. Amoco Oil Company, 510 So.2d 1063 (Fla. 4th DCA 1987); McKinney v. United States Sugar Corporation, 492 So.2d 478 (Fla. 4th DCA 1986).
A similar set of circumstances occurred in Williams v. Public Health Trust of Polk County, U.A.C. Order No. 86-1463 (June 20, 1986). There, a psychiatric aide was involved in a physical and verbal altercation with a patient. The commission found that the employee’s actions “evinced a blatant and deliberate disregard of the employer’s interests and constituted misconduct within the meaning of the law.”
While it is important to bear in mind that a liberal construction, in favor of the claimant, is to be given to the statute defining misconduct, Philbin v. Southern Bell Telephone and Telegraph, 503 So.2d 1375 (Fla. 4th DCA 1987), a review of the record in the instant case indicates that substantial competent evidence did exist to support the conclusion of the appeals referee.
Appellant’s other claims involving due process have no merit and we decline to discuss them here.
AFFIRMED.
HERSEY, C.J., LETTS and GLICKSTEIN, JJ., concur.