STONE, Judge.
This is an appeal from an agency order denying unemployment benefits. We reverse. The appellant’s employer indicated to the Bureau of Unemployment Compensation that the appellant was discharged for violating the company’s written attendance rules by absences on certain specified dates. Appellant did not receive notice of a substantial change in the scope of the allegations. See Philbin v. Southern Bell *1076 Telephone & Telegraph, 503 So.2d 1375 (Fla. 4th DCA 1987). Although the initial charge was not supported by proof, the appellant was found guilty of misconduct by excessive absenteeism.
Upon a review of the record, we find an absence of substantial competent evidence to support the finding of excessive absenteeism as defined in section 443.036(24), Florida Statutes. Cf. Hartenstein v. Florida Department of Labor and Employment Security, 383 So.2d 759 (Fla. 2d DCA 1980).
The order of the Unemployment Appeals Commission is, therefore, set aside and this cause is remanded to the Commission in accordance with section 120.68, Florida Statutes.
ANSTEAD and DELL, JJ., concur.