MAY, MELANIE G.,
Associate Judge, dissenting.
From the majority’s holding that a single, isolated act of neglect constitutes “misconduct” sufficient to deny unemployment benefits, I must respectfully dissent. This is not a case of conflicting facts or credibility determinations; this is simply a case applying legal principles and I cannot agree with the application by the referee, the commission, and the majority in this case.
The undisputed facts revealed that the claimant walked through a non-smoking area en route to his work area with a lit cigarette in hand. He admitted knowledge of the non-smoking rule and pled inadvertence to the violation. This was his first violation and he had never previously received a warning about the consequences of such a violation. Based on this undisputed testimony, the referee “concluded” as a matter of law that the conduct evinced
such willful or wanton disregard of an employing unit’s interest as is found in deliberate violation or disregard of standards of behavior which the employing unit has a right to expect of its worker, or carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employing unit’s interests or of the worker’s duties and obligations to the employing unit.
The commission found the referee’s decision in accord with the essential requirements of the law. The majority agreed; I cannot.
This court has previously held that a liberal construction favorable to the claimant is to be given to the statutory definition of “misconduct.” Sturaitis v. Montanari Clinical School, Inc., 522 So.2d 429 (Fla. 4th DCA 1988). And yet, it appears to me that only an unfavorable and stretched meaning of that word could result in this outcome. Words such as “willful,” “wanton,” “deliberate” mean more than inadver *267 tence. Even carelessness and negligence are required by statute to evince “manifest culpability,” “wrongful intent,” “evil design,” and conduct which is “intentional and substantial.” The law cannot permit the act in this case to meet these statutory standards. There was no evidence to suggest anything other than inadvertence, which cannot be equated to the subjectively qualifying terminology found in the statutory definition of “misconduct.”
A review of the case law in this area has found misconduct to be more than “mere inefficiency, unsatisfactory conduct, ... in-advertencies or ordinary negligence in isolated instances or good faith errors in judgment or discretion_” Smith v. Krugman-Kadi, 547 So.2d 677, 678 (Fla. 1st DCA 1989), rev. denied, 558 So.2d 20 (Fla.1990) (citing, Varig Brazilian Airlines v. Florida Department of Commerce, 354 So.2d 921, 922 (Fla. 3rd DCA 1978)). “Misconduct” has consistently required either repeated acts or flagrant, willful conduct. See Trinh Trung Do v. Amoco Oil Co., 510 So.2d 1063 (Fla. 4th DCA 1987). The referee’s factual findings belie such a conclusion.
I am not unmindful of the narrow scope of our review. We are limited to whether the decision is supported by competent, substantial evidence. Sturaitis, 522 So.2d at 430. Such evidence did not exist in this case. There was no testimony of evil intent, dangerous consequences, or repeated acts. By all accounts, this was an act of inadvertence.
This is not to say that any isolated incident is automatically legally insufficient to comply with the statute. Each case must be judged on its own merits. But, the law must require more than what occurred here. I would reverse.