492 So.2d 478 (1986)
Johnnie McKINNEY, Appellant,
v.
UNITED STATES SUGAR CORPORATION and State of Florida Unemployment Appeals Commission, Appellees.
No. 85-1083.
District Court of Appeal of Florida, Fourth District.
August 13, 1986.
*479 Hazel Lucas of Florida Rural Legal Services, Inc., Belle Glade, for appellant.
John D. Maher and Richard S. Cortese, Tallahassee, for appellee-Unemployment Appeals Com'n.
WALDEN, Judge.
Appellant, Johnnie McKinney, appeals from an order of the Florida Unemployment Appeals Commission affirming an appeals referee's decision denying unemployment benefits to McKinney. The appeals referee's findings of fact, in their entirety, are as follows:
FINDINGS OF FACT: The claimant was employed in July, 1961, by the employer, his last position being that of second-class mechanic. In April, 1984, the foreman suspended the claimant for five days for allegedly altering a date on a doctor's note.
On May 25, 1984, the assistant superintendent transmitted a phone message to the claimant that a member of his family passed away and he was needed at home. The claimant had already received a message from a foreman that his brother had been hospitalized in St. Petersburg. After the foreman took the claimant home, the claimant returned and asked for and received an advance on his vacation check, to attend his brother's funeral in St. Petersburg. Over the weekend, the claimant made phone calls but was unable to get any further information. Monday, May 28, 1984, was a paid holiday. Union rules allowed three days off work for the death of an immediate family member, however, the claimant intended to return to work as soon as he could return from the funeral. On Tuesday night, May 29, 1984, the claimant reached someone who indicated that the funeral would be the following day. The claimant had a friend drive him to St. Petersburg on the morning of May 30, 1984, and when he arrived at the church, he discovered that the funeral was for a female cousin rather than his brother, and that his brother had left the St. Petersburg area. The claimant started back after the church service, arriving home late that afternoon.
The claimant did not appear for work on May 31, 1984, or June 1, 1984, because he was still confused about the fate of his brother and was attempting to learn of his whereabouts. The claimant's wife phoned the employer on the afternoon of June 1, 1984, and the claimant was advised, after explaining the situation, to report for work the following Monday, June 4, 1984. The claimant did so and was discharged for unreported absence on the previous Thursday and Friday.
We must also add, from the record, that McKinney, an illiterate, had worked twenty-three years for the employer in question, without any unexcused absences other than those mentioned. Moreover, the only blot on McKinney's employment record was an earlier recordation that he had been suspended *480 for five days for "allegedly" altering a date on a doctor's note.
The determinative question is whether appellant's absence from work, in the circumstances presented, amounted to misconduct connected with his work. From the appeals referee's findings, we conclude, as a matter of law, that appellant's absence does not constitute "misconduct" as defined by section 443.036(24), Florida Statutes (1983). As such, McKinney was wrongfully denied his unemployment compensation benefits, and therefore, we reverse the agency order.
An individual shall be disqualified for unemployment benefits for misconduct connected with his work. S. 443.101(1), Fla. Stat. (1983). Misconduct is defined in section 443.036(24), Florida Statutes (1983), as follows:
(24) MISCONDUCT  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
Rule 38 B-2.17(5)(b)(8), Florida Administrative Code, sets forth three categories of misconduct. Here, appellant was disqualified from receiving unemployment benefits for a period of five weeks. Therefore, the guidelines that are applicable to the instant case are the following examples of simple misconduct set forth in rule 38 B-2.17(5)(b)(3), Florida Administrative Code. Specifically, the rule provides:
3. Simple misconduct in connection with the work. 1-12 weeks disqualification. Examples of simple misconduct shall include, but not be limited to, the following:
(a) Conflicts on the job for which the claimant is partially or totally responsible and which affect job performance of claimant or other employees.
(b) Unauthorized absenteeism or tardiness over which the claimant has control.
(c) Conducting unauthorized personal activities during working hours.
(d) Minor violations of reasonable and lawful company rules.
It is clear from the facts presented that appellant's absence from work was initially proper and aboveboard. Appellant was told by his superior that one of his family members had passed away. Earlier, a foreman had told him that his brother had been hospitalized in St. Petersburg. Thus, appellant, in good faith, believed that it was his brother who had passed away.
Union rules provided three days off work for the death of an immediate family member. If it had been appellant's brother who passed away, appellant would not have been expected back to work until Friday, June 1, 1984. Although appellant did not return to work on that day, his wife did call in the afternoon to explain his absence.
The appeals referee stated:
The evidence in the case shows that the claimant was discharged for unreported absence on May 31, 1984, and June 1, 1984. The claimant had an obligation to his employer to appear for work upon his return home, after learning that the person who died was not an immediate family member; or if not able to do so, to properly notify his employer regarding the reason for his continued absence. Hence, the claimant's unreported absence is considered to constitute conduct in disregard of standards of behavior which the employer has the right to expect of its employee. Therefore, it must be concluded that the claimant was discharged for misconduct connected with the work.
We agree that appellant should have notified his employer of his continued absence. *481 However, under the circumstances, we cannot agree that appellant's conduct constituted such a willful or intentional disregard of his employer's interest to warrant a disallowance of unemployment benefits.
Appellant did not learn that it was his cousin who had passed away until Wednesday, May 30, 1984. He spent the next day and a half trying to locate his brother, who had left the St. Petersburg area. The appeals referee found as a finding of fact that appellant was absent from work because he was still confused about the fate of his brother and was attempting to learn of his whereabouts.
Several cases have held that mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute. See Lamb v. Unemployment Appeals Commission, 424 So.2d 197 (Fla. 5th DCA 1983); Fredericks v. Fla. Dept. of Commerce, IRC, 323 So.2d 286 (Fla. 2nd DCA 1975); Williams v. State, Dept. of Commerce, 260 So.2d 233 (Fla. 1st DCA 1972).
There is no evidence that appellant had a history of absence from work during the twenty-three years he worked for his employer. Although appellant might have used bad judgment in his decision not to contact his employer the day he returned, the facts do not establish that he willfully and deliberately violated his employer's interest or his own duties and obligations to his employer.
The Unemployment Compensation Law is to be liberally construed in favor of the claimant. Baeza v. Pan American/National Airlines, Inc., 392 So.2d 920 (Fla. 3d DCA 1980). As we view it, McKinney's attendance record, at best, over the period of his employment was exemplary and, at worst, was simply a departure so minimal and so trifling as to not deserve notice.
We recognize that this court should not disturb the action of the Unemployment Appeals Commission unless there is a lack of substantial competent evidence in the record to support that action. See Andrus v. Fla. Dept. of Labor, 379 So.2d 468 (Fla. 4th DCA 1980). However, in this case, the relevant evidence in the record is inadequate to support the appeals referee's conclusion. See DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957). Therefore, we find, as a matter of law, that appellant's conduct is not the type contemplated within the meaning of the statute to disqualify him for unemployment benefits.
We reverse and remand with instructions to award McKinney his unemployment compensation benefits.
REVERSED AND REMANDED.
DOWNEY, J., and WESSEL, JOHN D., Associate Judge, concur.