LETTS, Judge.
This appeal involves a question of whether an employee was terminated or whether *236 she voluntarily resigned. The appeals referee found that she was discharged and that the only alternative position she was offered was in Little Rock, Arkansas. This conclusion was reversed by the Appeals Commission upon the basis that “although no specific offer was made by the employer, the claimant was advised that there were other positions available in South Florida” and that she therefore “voluntarily left her employment.” We reverse.
“The question of whether a claimant left work voluntarily is a question of fact.” Ritenour v. Unemployment Appeals Comm’n, 570 So.2d 1106, 1107 (Fla. 5th DCA 1990). The appeals referee is the trier of fact, responsible for weighing and resolving conflicting evidence and judging credibility. Ritenour at 1107. His decision must be affirmed on appeal if it is supported by competent, substantial evidence. Kan v. P.G. Cook Assoc., 566 So.2d 932, 933 (Fla. 3d DCA 1990).
The appeals referee in this case found that appellant did not voluntarily leave her job but instead was discharged. There were only two witnesses at the hearing, appellant and her supervisor. Appellant testified that she was forced to resign because her position was terminated. She acknowledged that she was offered a position in Little Rock, Arkansas, but turned it down because of her expressed desire to remain in South Florida. She stated that one of the national managers informed her there were no job opportunities in South Florida.
Appellant’s supervisor testified that she quit because she was completely dissatisfied with the job and wanted a career change. He admitted that her position was terminated but stated that appellant initiated her separation from the company. He further stated that there were jobs in South Florida which he believed appellant was aware of; however, he did not expressly offer them to her because of her desire to change careers.
There was substantial, competent evidence in the record to support the referee’s conclusion that appellant was discharged or forced to resign. As this court has noted, “[t]he [Unemployment Appeals Commission] cannot re-weigh the evidence or reverse the referee when her decision is based on substantial, competent evidence.” Smith v. Florida Unemployment Appeals Comm’n, 588 So.2d 324 (Fla. 4th DCA 1991).
This pro se appellant has made a convincing argument and the decision of the Appeals Commission is reversed.
REVERSED AND REMANDED.
DELL and FARMER, JJ., concur.