747 So.2d 452 (1999)
George Randall SABOLIA, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 99-1560.
District Court of Appeal of Florida, Fourth District.
December 15, 1999.
George Randall Sabolia, Fort Lauderdale, pro se.
Judy L. Harrelson, Tallahassee, for appellee.
PER CURIAM.
George Sabolia, who was denied unemployment benefits after the appeals referee found that he had been discharged for misconduct connected with his work, seeks review of the Unemployment Appeals Commission order affirming the decision of the appeals referee. We affirm.
The relevant facts found by the appeals referee, all supported by competent substantial evidence in the record, can be stated succinctly. Mr. Sabolia, employed as a service technician and while on duty and operating his employer's service vehicle, was contacted by his supervisor via two-way radio and directed to make a follow-up call on a customer who had been serviced by another technician. Mr. Sabolia thrice intentionally refused to do so. The supervisor then directed Mr. Sabolia to come to the office to discuss the matter in person, but he refused that order as well, stating he would have to get his gun before going to the office. Finally, the supervisor directed Mr. Sabolia to return the service vehicle to the employer's office at once, but he ignored that order and, instead, drove the vehicle to his home where he parked it. When the vehicle was not returned to the employer's office, the supervisor went to Mr. Sabolia's home, retrieved the employer's vehicle and discharged Mr. Sabolia.
The appeals referee's conclusion that Mr. Sabolia was discharged for misconduct because of his willful and intentional refusal to follow his superior's valid and reasonable work order, and that he was thereby disqualified for unemployment benefits, is in accord with both statutory and case law on the matter. See §§ 443.036(26), 443.101(1)(a)2., Fla. Stat. (1997). See e.g., National Ins. Servs., Inc. v. Unemployment Appeals Comm'n, 495 So.2d 244 (Fla. 2d DCA 1986); Hines v. Department of Labor and Employment Sec., 455 So.2d 1104 (Fla. 3d DCA 1984); Davis v. Unemployment Appeals Comm'n, 425 So.2d 198 (Fla. 5th DCA 1983); Citrus Cent. v. Detwiler, 368 So.2d 81 (Fla. 4th DCA 1979).
AFFIRMED.
GUNTHER, GROSS, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.