748 So.2d 1089 (2000)
FINISH LINE FEED, INC., Appellant,
v.
Cedrick A. ACOSTA and Florida Unemployment Appeals Commission, Appellees.
No. 99-1691.
District Court of Appeal of Florida, Fourth District.
January 5, 2000.
Martin E. Feldman of Fischer & Minski, P.A., Hollywood, for appellant.
Judy L. Harrelson, Tallahassee, for Appellee-Unemployment Appeals Commission.
PER CURIAM.
In this unemployment compensation case the claimant was discharged because, contrary to the employer's Employment Manual, he neither reported for work as scheduled nor notified the employer that he would be absent. The appeals referee concluded that "one incident of no call, no show does not rise to the level of misconduct *1090 as defined in the unemployment compensation law." The appeals referee's order was affirmed by the Unemployment Appeals Commission and the employer seeks review here. We affirm.
The employer contends that the appeals referee erred in determining that proof of a single act cannot meet an employer's burden of proving employee misconduct connected with work. Although proof of a single act can be sufficient to meet an employer's burden of proof in that respect, see Ford v. Southeast Atlantic Corp., 588 So.2d 1039, 1041 (Fla. 1st DCA 1991), it does not have to be. In any event, our reading of the appeals referee's order satisfies us that it did not make the determination contended by the employer, i.e., that proof of a single act can never be sufficient to meet an employer's burden of proving an employee's misconduct connected with work.
What the appeals referee did determine, which the employer also contends was error, is that the proof of the claimant's violation of the employer's known policy did not rise to the level of disqualifying misconduct connected with work. The employer cites Thurber v. Hillier & Wanless, P.A., 642 So.2d 75 (Fla. 4th DCA 1994); Vaughan v. Shop & Go, Inc., 526 So.2d 91 (Fla. 4th DCA 1987); Rosa v. Jefferson's Stores, Inc., 421 So.2d 818 (Fla. 4th DCA 1982); Citrus Central v. Detwiler, 368 So.2d 81 (Fla. 4th DCA 1979); and Clay County Sheriffs Office v. Loos, 570 So.2d 394 (Fla. 1st DCA 1990) as cases in which a single act of misconduct was found as disqualifying. A common thread running through all of the cited cases is a finding, supported by competent substantial evidence, that the claimant acted in deliberate and intentional disobedience (in some instances, in flagrant disregard) of a supervisor's order. That distinguishes the cited cases from this, in which there is no showing that the claimant either deliberately or intentionally violated the employer's policy.
Affirmed.
GUNTHER, GROSS, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.