862 So.2d 26 (2003)
Luis A. TORRES, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Southern Wine & Spirits of America, Inc., Appellees.
No. 2D02-5574.
District Court of Appeal of Florida, Second District.
September 19, 2003.
Luis A. Torres, pro se.
John D. Maher, Deputy General Counsel, Unemployment Appeals Commission, Tallahassee, for Appellee Unemployment Appeals Commission.
Charles F. Henley, Jr. and J.C. Miller of Haynsworth, Baldwin, Johnson & Greaves, LLC, Jacksonville, for Appellee Southern Wine & Spirits of America, Inc.
SILBERMAN, Judge.
Luis A. Torres was denied unemployment compensation benefits based on the referee's finding that he was terminated as a result of misconduct connected with work. The Unemployment Appeals Commission (UAC) upheld the referee's decision. Torres challenges the UAC's order and argues that his actions did not amount to misconduct that would support the denial of benefits. We agree and reverse.
*27 The referee's findings of fact are not in dispute. Southern Wine & Spirits employed Torres as a delivery driver. On January 8, 2002, Torres was making deliveries when he was given another stop that was not on his route. When Torres arrived at that stop, the customer was not present and Torres would have had to wait two-and-one-half to three hours to make the delivery. Torres became angry because this was not his regular customer, and he notified the assistant driver manager that he was not going to wait. The assistant driver manager told Torres that if he chose not to wait he should turn in his badge and other items belonging to the employer. Torres then waited for the customer and delivered the products. However, when Torres returned to the employer's facility, the employer terminated him.
In his conclusions of law, the referee determined that the employer terminated Torres for misconduct within the meaning of the unemployment statute. The referee reasoned that Torres had previously "received warnings for not following procedure and not obtaining authorization before returning products." He added that Torres demonstrated a deliberate disregard of the employer's policies and, by initially refusing to wait, he showed that he would continue to disregard the employer's directions.
An employee terminated for misconduct connected with his or her work is not entitled to unemployment compensation benefits. § 443.101(1)(a), Fla. Stat. (2000). Section 443.036(29), Florida Statutes (2000), defines "misconduct" as including, but not limited to:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
An employee's outright refusal to perform an employer's valid and reasonable work order amounts to misconduct within the meaning of section 443.036(29). See, e. g., Fort Myers Pump & Supply, Inc. v. Fla. Dep't of Labor & Employment Sec., Div. of Employment Sec., 373 So.2d 429, 431 (Fla. 2d DCA 1979) (concluding that the employee was not entitled to benefits because her conduct was willful and in direct contravention of the employer's instructions, the instructions were not shown to be unreasonable, and the employee's insubordination was repeated); Sabolia v. Unemployment Appeals Comm'n, 747 So.2d 452, 452 (Fla. 4th DCA 1999) (stating that the willful and intentional refusal to follow the superior's valid and reasonable work order was sufficient to warrant disqualification for benefits).
On the other hand, a denial of benefits is not warranted if the employee's actions "were not in willful or wanton disregard" of the employer's interest or the "actions were not careless or negligent of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard" of the employer's interest or the employee's duties and obligations to the employer. Smith v. Unemployment Appeals Comm'n, 831 So.2d 249, 250 (Fla. 2d DCA 2002). Moreover, if the employee complies with the employer's work order or if the acts of insubordination were provoked by the employer, benefits should not be denied. See Scott v. Cent. Fla. Tower Corp., 646 So.2d 842, 843 (Fla. 2d DCA 1994).
*28 Here, the referee specifically found that Torres made the delivery as directed by his superior. While Torres may have been angry, the referee did not find that Torres was insubordinate. Additionally, the factual findings of the referee do not support a conclusion that Torres acted in a manner demonstrating willful or intentional and substantial disregard of the employer's interest or of his own duties and obligations to the employer. Instead, Torres was given the choice to make the delivery or be fired, and he made the delivery.
Because the facts relied on by the referee and the UAC do not support the conclusion that Torres engaged in misconduct that warranted the denial of unemployment compensation benefits, we reverse and remand with instructions that Torres be provided with unemployment benefits to the extent that he otherwise qualifies for them.
Reversed and remanded.
FULMER and CASANUEVA, JJ., Concur.