862 So.2d 913 (2003)
Kathleen S. LUCIDO, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION and Palm Auto Plaza Inc., Appellees.
No. 4D02-4040.
District Court of Appeal of Florida, Fourth District.
December 24, 2003.
*914 Christopher A. Haddad, West Palm Beach, for appellant.
*915 John D. Maher, Tallahassee, for Appellee-Unemployment Appeals Commission.
TAYLOR, J.
Kathleen S. Lucido appeals from an order of the Unemployment Appeals Commission (UAC), which reversed the appeals referee's decision that her conduct did not amount to misconduct disqualifying her from unemployment benefits. We reverse and remand for the UAC to reinstate the decision of the appeals referee.
The parties do not challenge the following findings of fact made by the appeals referee:
The claimant worked as a cashier for this employer from September 1, 1999 to a last day of work on April 6, 2002. The claimant took a personal day off on the next work day, because she had chest pains. The claimant had such chest pains before, and after various tests, the claimant had been advised that the cause was probably not heart disease, but stress. The claimant's doctor advised that in the future if she got such pains she was to take aspirin and rest. After the claimant had advised that she was taking the day off, which was approved by the supervisor, the supervisor called back and told the claimant that she needed to bring in a doctor's note certifying that she was fit to return to work. The claimant objected. She was not able to see a doctor that day, or the next. The claimant's doctor did not have an appointment available for the better part of a week. The supervisor repeated that the claimant needed a doctor's note to be able to return. The claimant's supervisor called the claimant later that day, but the telephone was answered by the claimant's husband. He stated an objection to the claimant having to visit a doctor. The claimant made her objections known to supervisors higher than her immediate supervisor, and she was told that they would call back. She did not receive a telephone call. The claimant concluded that she had been discharged.
Concluding that the claimant's conduct did not amount to misconduct disqualifying her from unemployment benefits, the appeals referee stated the following:
The facts of this case show that the claimant was discharged after she objected to going to a doctor in connection with a one-day illness. The claimant's leave was approved, and then the employer added an additional requirement, costing time and money, that the claimant had no reason to believe would be imposed. The claimant's refusal to go to the doctor was not so unreasonable as to be misconduct. The evidence does not show that the claimant quit, but rather that at some point she realized that she was not going to be allowed to return to work. Accordingly, it is concluded that the claimant was discharged for reasons other than misconduct connected with work.
There were numerous conflicts in the testimony, especially over what was said between the claimant and her immediate supervisor. Based on the candor and demeanor of the witnesses, the conflicts have been resolved in favor of the claimant.
The UAC reversed the appeals referee's decision, ruling that the claimant refused to follow a reasonable work order and, therefore, "was discharged for misconduct connected with work within the meaning of the law."
It is well settled that "while an agency may reject conclusions of law without limitation, neither an administrative agency nor a reviewing court may reject an administrative hearing officer's findings *916 of fact, as long as those findings are supported by competent, substantial evidence in the record." Maynard v. Unemployment Appeals Comm'n, 609 So.2d 143, 145 (Fla. 4th DCA 1992). Thus, an appeals referee's factual findings must be accepted by the UAC if such findings are supported by competent, substantial evidence. Lowry v. Unemployment Appeals Comm'n, 702 So.2d 645 (Fla. 4th DCA 1997). This is so, because, as trier of fact, the referee is responsible for weighing and resolving conflicting evidence and judging credibility. Having witnessed the demeanor of the parties, the referee is deemed to be in the best position to make these credibility determinations. Grossman v. Jewish Cmty. Ctr. of Greater Fort Lauderdale, Inc., Unemployment Appeals Comm'n, 704 So.2d 714, 716 (Fla. 4th DCA 1998)(citing Schneier v. Fla. Unemployment Appeals Comm'n, 595 So.2d 235, 236 (Fla. 4th DCA 1992)).
As we explained in San Roman v. Unemployment Appeals Commission, 711 So.2d 93, 95 (Fla. 4th DCA 1998), once a referee makes a determination regarding a claim, the commission reviews that decision to determine:
whether the referee's findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were based complied with the essential requirements of the law. In reviewing whether the record contains competent, substantial evidence to support the appeals referee's findings, the reviewing court may not make determinations as to credibility or substitute its judgment for that of the referee. Thus, the appeals referee's decision must be upheld where there is competent substantial evidence to support it.
San Roman, 711 So.2d at 95 (citations omitted).
Appellant argues that the UAC erred in rejecting the referee's findings of fact, because those findings were supported by competent, substantial evidence in the record. We agree. Essentially, after considering all the evidence concerning the circumstances in this case, including the nature of the claimant's illness and the duration of her approved absence, the referee determined that the claimant's failure to visit a doctor and obtain a doctor's note did not amount to a refusal to follow a reasonable work order. The referee found that the claimant was unable to get an appointment with her doctor on such short notice, and further, that this requirement, imposed after her leave had already been approved, demanded an unnecessary expenditure of time and money.
In its order reversing the referee, the UAC disagreed, stating that the employer's request for the doctor's note was not "to excuse the claimant's one-day absence, but to determine whether the claimant was physically capable of returning to work." The UAC went on to say that because the claimant testified that she suffered from chest pains, "the employer was reasonable in requesting documentation to make sure that the work was not endangering the claimant's health."
Although, as the UAC reasoned, an employer acts prudently in seeking to determine whether an employee can return to work without endangering her health, the referee did not find that the employer in this case was motivated by such concerns. Instead, the referee determined that the doctor's note served no useful purpose other that to justify the claimant's brief absence. Moreover, the referee did not find that the claimant willfully refused to comply with the employer's request for a doctor's note but that she was unable to obtain one on such short notice. Apparently, in reaching its conclusions, the UAC reweighed *917 the evidence concerning these matters and substituted its findings for those of the referee.
Section 443.036(29), Florida Statutes, defines misconduct as including:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
An employee's outright refusal to perform an employer's valid and reasonable work order may constitute misconduct within the meaning of the statute. See Torres v. Unemployment Appeals Comm'n, 2003 WL 22149150, 862 So.2d 26 (Fla. 2d DCA Sept.19, 2003); Sabolia v. Unemployment Appeals Comm'n, 747 So.2d 452 (Fla. 4th DCA 1999). On the other hand, "mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed `misconduct' within the meaning of the statute." McKinney v. U.S. Sugar Corp., 492 So.2d 478, 481 (Fla. 4th DCA 1986) (citations omitted).
Here, even assuming that the employer's request for a doctor's note was a valid and reasonable work order, the referee specifically found that appellant's failure to obtain a doctor's excuse did not result from an outright refusal to perform a valid and reasonable work order but from an inability to comply due to circumstances beyond the claimant's control. Thus, the factual findings of the referee do not support a conclusion that appellant engaged in misconduct disqualifying her from receiving unemployment compensation benefits.
Accordingly, we reverse the order of the Unemployment Appeals Commission and remand with directions to reinstate the appeals referee's award of unemployment compensation benefits to appellant.
REVERSED and REMANDED.
FARMER, C.J., and GROSS, J., concur.