SILBERMAN, Judge.
Valorie J. Rosier challenges the denial of her claim for unemployment compensation benefits. Because a key factual finding that was the basis of the denial of benefits was not supported by competent, substantial evidence, we reverse.
Ms. Rosier was employed by Southern Milling and Lumber as a truck driver between May 21, 2001, and November 12, 2002. She had a history of complaining about driving certain trucks, complaining about work, and discussing personal matters with customers and fellow employees. In October 2002 Southern Milling placed Ms. Rosier on thirty days’ probation. Her probation terms included the following:
TRUCKS: There is to be no complaining about which truck you are assigned to drive on any given day. If there are legitimate safety concerns about the truck, (tires, windshield wipers, etc) they should be reported to the office (Duke or Vikki).
[[Image here]]
Constant complaining will not be tolerated. If you have ideas for better ways to do things, they should be addressed to the appropriate person. Customers and fellow employees do not have time to listen to problems they cannot solve.
While on probation, Ms. Rosier received a twenty-five cent per hour pay raise. Her husband, who also worked for Southern Milling, received a fifty cent per hour raise. Ms. Rosier became angry about the amount of her raise and told one of her immediate supervisors, Duke Lilly, “that she was not getting paid enough to drive a semi truck, that she would only drive straight trucks.” Ms. Rosier admitted that she complained to Mr. Lilly, stating,
So I went into the office and I said, okay, since I’m not doing — I didn’t get as much raise because I can’t complete my job properly, then I’m not strapping down the pallets, I will need help every time, and also because I feel my husband got a raise and he basically only drove the little truck, then that is all I wanted. Because I only got a. raise that he supposedly got for doing his job with the little truck, so that’s all I wanted to drive.
*616 The next day Mr. Lloyd Herbert, a manager and vice president for Southern Milling, confronted Ms. Rosier about the incident. Ms. Rosier apologized for having a problem with her raise and told Mr. Herbert that she was fine with driving a “big truck.” Ms. Rosier continued working that day but was discharged when she returned from her last delivery. Mr. Herbert testified at a hearing before the appeals referee and stated that drivers are not assigned to particular trucks. As trucks are loaded, drivers are assigned to take the next available truck. He testified that Ms. Rosier was terminated because she “doesn’t fit our operation, nor does she have a good attitude with our company,” and it was in the company’s best interest to terminate Ms. Rosier’s employment.
In her factual findings, the appeals referee stated that
[Ms. Rosier] was angry that she received a smaller pay raise and told the production manager that she was not driving semi trucks any more because she was not paid enough to drive semis. [Ms. Rosier] was discharged on November 11, 2002, for violating the terms of her probation by complaining to a coworker that she was not paid enough to drive semi trucks.
(Emphasis added). In her conclusions of law, the referee stated that
upon being notified that she was on probation and that she should not violate the terms of probation, the claimant was obligated to abide by the directives specified in the probation terms. When the claimant complained about driving semi trucks and also made the complaint to a co-worker, rather than her supervisor, her conduct was a willful violation of her duties and obligations to the employer. Therefore, it is concluded that [Ms. Rosier] was discharged for misconduct connected with the work.
(Emphasis added). The Unemployment Appeals Commission upheld the referee’s findings and conclusions and denied unemployment compensation benefits to Ms. Rosier.
In the present appeal, “the commission’s order is entitled to a presumption of correctness.” Sekinger v. Heritage Ins., Inc., 718 So.2d 358, 359 (Fla. 2d DCA 1998). However, the decisions of the appeals referee and the commission may be set aside when the decisions depend “on any finding of fact that is not supported by competent, substantial evidence in the record.” § 120.68(7)(b), (10), Fla. Stat. (2002); see also Kelle v. D.H. Holmes Co., 658 So.2d 1161, 1162 (Fla. 2d DCA 1995). Additionally, the commission’s legal conclusion may be overturned if it is clearly erroneous. Eulo v. Fla. Unemployment Appeal Comm’n, 724 So.2d 636, 637 (Fla. 2d DCA 1999).
The referee’s finding that Ms. Rosier violated her probation with Southern Milling by complaining about the raise to someone other than her supervisor is not supported by the record. In fact, all of the evidence reflects that Ms. Rosier directed her complaint to Mr. Lilly, who was the production manager and her supervisor, and nothing in the record suggests that Ms. Rosier’s complaint should have been directed to anyone else. The complaint was based on the discrepancy in the amount of Ms. Rosier’s raise, as compared to that of her husband, and it differed from the nature of the complaints that led to her being placed on probation. Therefore, we conclude that the evidence submitted to the referee does not support the conclusion that Ms. Rosier’s actions violated the conditions of her probation and amounted to misconduct within the meaning of the unemployment statute. See § 443.036(29), Fla. Stat. (2002).
*617 Because the referee’s determination that Ms. Rosier violated her probationary status and was terminated for misconduct is not supported by competent, substantial evidence, we reverse. On remand, Ms. Rosier shall be afforded any unemployment benefits to which she is entitled as a result of her termination.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., Concur.