882 So.2d 453 (2004)
Andrew F. GONGAWARE, Appellant,
v.
STATE OF FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Affirmed Corporation, Appellees.
No. 4D03-862.
District Court of Appeal of Florida, Fourth District.
September 1, 2004.
*454 Andrew F. Gongaware, pro se.
John D. Maher, Deputy General Counsel, Tallahassee, for appellee State of Florida Unemployment Appeals Commission.
GROSS, J.
Andrew F. Gongaware challenges a final order rendered by the Unemployment Appeals Commission which affirmed a referee's determination that he was disqualified from receiving unemployment benefits because he was discharged for misconduct connected with work.
We affirm, because competent substantial evidence supported the referee's determination that Gongaware's actions amounted to misconduct.
On appeal to this court, the Commission's order is entitled to a presumption of correctness and the burden is on the appellant to demonstrate error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); Rosier v. Unemployment Appeals Comm'n, 873 So.2d 614, 616 (Fla.2d 2004). Also, as this court stated in Maynard v. Florida Unemployment Appeals Commission, 609 So.2d 143, 145 (Fla. 4th DCA 1992):
While an agency may reject conclusions of law without limitation, neither an administrative agency nor a reviewing court may reject an administrative hearing officer's findings of fact, as long as those findings are supported by competent, substantial evidence in the record.
Id. at 145 (citations omitted).
Generally, misconduct sufficient for the forfeiture of unemployment benefits involves repeated violations of the employer's policies after several warnings. See Jennings v. Unemployment Appeals Comm'n, 689 So.2d 1193, 1194 (Fla. 4th DCA 1997) (finding disqualification of benefits warranted where employee acted willfully and had been alerted to the significance of the employer's concerns); Hines v. Dep't of Labor & Employment Sec., 455 So.2d 1104, 1107 (Fla. 3d DCA 1984) (finding misconduct where employee had been *455 previously warned and subsequently disregarded those warnings).
"An employee's outright refusal to perform an employer's valid and reasonable work order amounts to misconduct." Torres v. Unemployment Appeals Comm'n, 862 So.2d 26, 27 (Fla. 2d DCA 2003); see also Finish Line Feed, Inc. v. Acosta, 748 So.2d 1089, 1090 (Fla. 4th DCA 2000) (finding that deliberate or intentional disregard of an employer's policy amounts to misconduct); Nat'l Ins. Servs., Inc. v. Fla. Unemployment Appeals Comm'n, 495 So.2d 244, 246 (Fla. 2d DCA 1986) (holding that denial of unemployment benefits was warranted where employees refused to participate in clean-up duties; employer's policy was found to be reasonable and applied to all employees equally).
In this case, Gongaware signed an employment agreement which provided that he would relinquish 2% of the tips charged by customers on their credit cards to his employer, Topanga Pizza Grill. He complied with Topanga's policy for approximately four years. The first time Gongaware refused to remit 2% of his charge tips, his employer issued him a written warning informing him that a second warning could result in suspension or termination. The next day appellant again refused. Topanga gave him a second warning and a one-week suspension. The second warning also indicated that a third warning would result in termination. When appellant returned to work after his suspension, he still refused to comply with the policy regarding tips. In response, Topanga issued a third warning and terminated appellant's employment.
Under these facts, competent substantial evidence supported the referee's determination that appellant was discharged for misconduct connected with work, such that he was not entitled to receive unemployment benefits.
FARMER, C.J., and MAY, J., concur.