GROSS, J.
The employer, Torres Electrical Supply, appeals a final order of the Unemployment Appeals Commission that affirms a referee’s grant of unemployment benefits entitlement to appellée Steven L. Horn. We affirm because substantial, competent evidence supported the referee’s finding that no disqualifying misconduct occurred.
Cases construing the definition of misconduct under section 443.036(29), Florida Statutes (2003), have held that “mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed ‘misconduct’ within the meaning of the statute.” Lucido v. Unemployment Appeals Comm’n, 862 So.2d 913, 917 (Fla. 4th DCA 2003) (quoting McKinney v. U.S. Sugar Corp., 492 So.2d 478, 481 (Fla. 4th DCA 1986)). Therefore, “misbehavior serious enough to warrant an employee’s dismissal is not necessarily serious enough to sustain forfeiture of compensation benefits.” Cooks v. Unemployment Appeals Comm’n, 670 So.2d 178,180 (Fla. 4th DCA 1996).
Here, Horn presented evidence that no misconduct occurred. Concerning the inaccurate part order that led to his *550 termination, Horn testified that: (1) he entered the right part number in the computer; (2) the computer contained the wrong “description”; (3) he “was never told to change the description”; (4) his supervisor checked the order before it was executed; (5) his supervisor also missed the computer error; and (6) the part was ultimately sold, minimizing the cost imposed on the company.
That testimony established a substantial basis for the referee’s conclusion that the misordered part was the result of a “good faith error in judgment.” The contrary evidence was a matter of credibility, which was a judgment call for the referee, not a reviewing court. See San Roman v. Unemployment Appeals Comm’n, 711 So.2d 93, 95 (Fla. 4th DCA 1998).
AFFIRMED.
WARNER and POLEN, JJ., concur.