950 So.2d 475 (2007)
Bradley C. LEEDHAM, Appellant,
v.
STATE of Florida UNEMPLOYMENT APPEALS COMMISSION and Village Beach Market, Inc., Appellees.
No. 4D06-476.
District Court of Appeal of Florida, Fourth District.
February 21, 2007.
Thomas A. Kennedy of Benincasa & Kennedy, P.A., Vero Beach, for appellant.
Josefa Perez Velis of Velis & Associates, P.A., Miami, for appellee Village Beach Market, Inc.
GROSS, J.
Bradley Leedham challenges a final order rendered by the Unemployment Appeals Commission which affirmed the appeals referee's determination that he was disqualified from receiving unemployment benefits because he was discharged for misconduct connected with work. We find no error and affirm.
Leedham was employed as a store manager at Village Beach Market. As a condition of employment, Leedham agreed to the terms of employment contained in an employee handbook.
*476 On May 28, 2005, there was an incident between Leedham and one of his subordinate employees. The Chief Executive Officer of the market resolved the disagreement by deciding that both Leedham and the employee would be suspended with pay for one day. Leedham became upset. The appeals referee made the following findings of fact concerning the incident:
[Leedham] asked the CEO who would be escorting him off the property. The CEO said he would walk with him. The CEO asked [Leedham] if he had property in his briefcase. [Leedham] said, "Yes, I do." The CEO told [Leedham] that they would have to sort through the briefcase to ensure that company property remained with the company. [Leedham] said that was not going to happen. The CEO asked [Leedham] two or three times to allow him to search his briefcase. [Leedham] refused and told the CEO that there were personal items mixed in with company property. [Leedham] picked up his cell phone, called the police, and stated that he was being prevented from taking his personal belongings. The police arrived and told the parties that it was a civil matter. [Leedham] took his briefcase and left. [Leedham] was discharged on May 30, 2005, for a violation of the employer's policy, for refusing to cooperate with a search.
Leedham applied for unemployment benefits. He was denied benefits because the claims adjuster found that he was discharged for misconduct connected with work. Leedham appealed. After a hearing, the appeals referee concluded that Leedham was disqualified from receiving unemployment benefits because he was discharged for misconduct connected with work. The Commission affirmed the referee's decision and adopted the referee's findings of fact.
On appeal, the Commission's order is entitled to a presumption of correctness and the burden is on the appellant to demonstrate error. See Gongaware v. State of Fla. Unemployment Comm'n, 882 So.2d 453, 454 (Fla. 4th DCA 2004). As stated in Maynard v. Florida Unemployment Appeals Comm'n, 609 So.2d 143, 145 (Fla. 4th DCA 1992),
[w]hile an agency may reject conclusions of law without limitation, neither an administrative agency nor a reviewing court may reject an administrative hearing officer's findings of fact, as long as those findings are supported by competent, substantial evidence in the record.
Id. (citations omitted).
Leedham first contends that the referee erred in finding that the terms of the employer's policy authorized a search of his briefcase, because the policy was ambiguous, so that Leedham was justified in refusing to allow the search. We find the policy clearly expresses what is expected of an employee.
The "Right to Search Policy" provides:
RIGHT TO SEARCH POLICY
We respect your privacy. However, for security purposes, we maintain the right to inspect certain personal belongings.
Each employee agrees to allow management to inspect personal property and purses on our premises. Any package brought into or taken out our premises may be inspected. Our premises and equipment, including vehicles, desks, computer files and equipment are subject to inspection at any time.
Wallets, purses, and briefcases will only be inspected in your presence.
Refusal to cooperate in an inspection or search will be considered a violation *477 of your terms of hire and direct insubordination.
Leedham draws a distinction between a "search" and an "inspection," arguing that "inspection" connotes a less intrusive, "hands-off" examination than a "search." However, whatever difference may exist between a "search" and an "inspection," the only reasonable interpretation of the policy is that the employer had at least the right to view the contents of Leedham's briefcase. As the referee correctly pointed out, the employer's policy regarding "the employer's right to search or inspect is unambiguous and left no room for judgment or discretion." In this way, the policy language may not be fairly understood in more ways than one. See Friedman v. Va. Metal Prods. Corp., 56 So.2d 515, 517 (Fla.1952) (stating that "[a] word or phrase in a contract is `ambiguous' only when it is of certain meaning, and may be fairly understood in more ways than one."). A court must enforce the language of the policy according to its terms. Okeechobee Landfill, Inc. v. Republic Servs. of Fla., Ltd. P'ship, 931 So.2d 942, 944 (Fla. 4th DCA 2006) (providing that "[i]n the event that the language of a contract is clear and unambiguous, the court will enforce such contract according to its terms.") (citing Avatar Dev. Corp. v. De Pani Constr., Inc., 834 So.2d 873, 876 n. 2 (Fla. 4th DCA 2002)); see also Univ. of Miami v. Frank, 920 So.2d 81, 86 (Fla. 3d DCA 2006) (stating that interpretation of a faculty handbook is a question of contract interpretation).
Moreover, the referee's interpretation of the policy is consistent with common sense. Leedham suggests that the term "inspection" means an exterior "hands-off" examination, as in "inspecting the troops," and does not include the concept of "opening" or "looking inside or going through" something. This interpretation would eviscerate the policy, which is to ensure that the employer's goods do not leave the market secreted inside the employees' things.
We reject Leedham's assertion that the presence of personal items in his briefcase justified his refusal to allow the employer to inspect the contents of his briefcase. The policy language indicated that "each employee agree[d] to allow management to inspect personal property" and that wallets, purses, and briefcases were subject to "inspection." Purses and wallets always contain personal property of the owner and yet the policy contemplated a search nonetheless.
For these reasons, we agree with the referee's conclusion that the employer's policy authorized a search of Leedham's briefcase.
Leedham next contends that his refusal to allow the search of his briefcase did not rise to the level of misconduct connected with work. Leedham's willful and deliberate violation of the policy, especially after admitting that he had company property in his briefcase, amounted to misconduct connected with work within the meaning of section 443.036(29), Florida Statutes (2005). A denial of benefits is warranted when the employee's actions are in willful or wanton disregard of the employer's interest as is found in deliberate violation of a standard of behavior which the employer has the right to expect of his or her employee. See Gongaware, 882 So.2d at 454 (providing that "[a]n employee's refusal to perform an employer's valid and reasonable work order amounts to misconduct."); Sabolia v. Unemployment Appeals Comm'n, 747 So.2d 452, 452 (Fla. 4th DCA 1999) (concluding that the willful and intentional refusal to follow the superior's valid and reasonable work order was sufficient to warrant disqualification for benefits); Fink v. Fla. Unemployment Appeals *478 Comm'n, 665 So.2d 373, 374 (Fla. 4th DCA 1996) (stating that "where an employee intentionally violates company policy . . . or ignores standards of behavior which the company is entitled to expect from employee . . . that employee will be disqualified from receiving unemployment compensation on grounds of misconduct."); Nat'l Ins. Serv., Inc. v. Fla. Unemployment Appeals Comm'n, 495 So.2d 244, 246 (Fla. 2d DCA 1986) (holding that employees refusal to participate in clean-up duties where employees policy was found to be reasonable warranted a denial of unemployment benefits); see also Finish Line Feed, Inc. v. Acosta, 748 So.2d 1089, 1090 (Fla. 4th DCA 2000) (acknowledging that deliberate or intentional disregard of an employer's policy amounts to misconduct).
WARNER and TAYLOR, JJ., concur.