WARNER, J.
 

 We affirm the final order of the Unemployment Appeals Commission approving a referee’s decision that appellant was disqualified from benefits because she left work without good cause attributable to the employer. Appellant has not provided a transciipt of the hearing before the referee. “On appeal, the Commission’s
 
 *253
 
 order is entitled to a presumption of correctness and the burden is on the appellant to demonstrate error.”
 
 Leedham v. State Unemployment Appeals Comm’n,
 
 950 So.2d 475, 476 (Fla. 4th DCA 2007). In the absence of a transcript of the unemployment compensation hearing, the referee’s findings of fact are assumed correct and this court’s review is limited to whether the referee’s conclusions or application of the law to the facts is incorrect.
 
 Rollins v. Bay HR, Inc.,
 
 968 So.2d 697, 698-99 (Fla. 4th DCA 2007). In this case, the referee correctly applied the law.
 

 Appellant also argues that the initial determination made by the agency should have been final because the employer did not timely appeal the decision within twenty days after the mailing date of the determination. In support, she relies on the Unemployment Appeals Commission’s stamp on the letter invoking the right to appeal, indicating that it was received on May 5, which was twenty-four days after the April 11, 2008, determination. The stamp of receipt does not represent the date of filing. The referee’s order provided as follows with respect to determining the timeliness of an appeal: “If filed online, the confirmation date is the filing date.
 
 If mailed, the postmark date is the filing date.
 
 If faxed, the date stamped received is the filing date.” (Emphasis added). The record reveals that the employer timely invoked its right to appeal twenty days after the determination in a letter dated and
 
 postmarked
 
 May 1, 2008. Therefore, we reject this claim.
 

 Affirmed.
 

 POLEN, J., and KAPLAN, MICHAEL G., Associate Judge, concur.